In the Matter of the Application of WILLIAM C. BERGEN, Respondent, for Payment of an Award, Made in Proceedings to Open Lorillard Place in the Borough of The Bronx.

THE COMPTROLLER OF THE CITY OF NEW YORK et al., Appellants.

New York city — condemnation proceedings — street opening — award to unknown owners — interest runs after one year unless money paid into Supreme Court — failure of comptroller to pay amount into court — order to pay amount to alleged owner valid and binding upon comptroller until set aside — order setting aside first order and directing payment of amount to respondent — when respondent not entitled to legal interest from time that payment into court was prevented by order of court — entitled to interest actually received by city upon amount of awards.

1. After land has been condemned and title vested in the city of New York, interest on an award to an unknown owner is recoverable only pursuant to the terms of the charter (L. 1901, ch. 466, § 1002), which provides that interest upon these awards runs from one year after the date of confirmation unless the money is paid into the Supreme Court.

2. Where in street opening proceedings by the city of New York an award had been made for certain parcels to unknown owners and thereafter an alleged owner obtained an order of the Supreme Court directing the comptroller to pay to her the said awards, the said order was valid and binding upon the comptroller until set aside and it was his duty to be ready to pay and to comply with it whenever the said alleged owner called and demanded her warrant.

3. Where, therefore, a warrant was drawn to the order of the said alleged owner for the amount of the awards with interest to the date of the warrant but never delivered to her, and thereafter the respondent herein obtained orders from the Supreme Court canceling and vacating the order theretofore made and directing the comptroller to pay the amount to him, said respondent is entitled to interest only up to the date of the undelivered warrant. The only default of the comptroller, which started the interest running, was his failure to pay the award into court one year after its confirmation or the vesting of title in the city. The interest ran because of this default until the interference of the Supreme Court whose order was a legal excuse for

the comptroller not thereafter paying the money into court. The unknown owner not being entitled to interest after payment of an award into court, he is not entitled to interest when by orders of the Supreme Court the city cannot pay the award into court but must stand ready to pay it to an ascertained owner.

4. Respondent is not entitled to the legal rate of interest after the date of the undelivered warrant. The city, however, should not profit by the neglect of its officials to pay the money into the hands of the city chamberlain in the first instance and, having held the award awaiting the demand of the owner, whatever interest it has received on this money should be paid to respondent.

*Matter of Bergen*, 206 App. Div. 324, reversed.

(Submitted January 16, 1924; decided February 26, 1924.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered July 6, 1923, which reversed an order of Special Term denying a motion for an order directing the payment of additional interest on an award made in street opening proceedings and granted said motion.

*George P. Nicholson, Corporation Counsel* (*Joel J. Squier* and *William B. R. Faber* of counsel), for appellants. The city of New York is not liable for interest on the awards after July 20, 1906, for the reason that the comptroller was ready on that date to pay, to the then legally determined owner, the award with interest, and the delay in payment thereof since that date was not the comptroller's fault. The order directing payment of the award, entered May 21, 1906, notwithstanding it may have directed payment to a person not entitled thereto, prevented the comptroller from paying the award into court. (*Merriman* v. *City of New York*, 227 N. Y. 279; *Matter of Field*, 182 App. Div. 226; *Hill* v. *Hine*, 35 App. Div. 520; *Gates* v. *De La Mare*, 142 N. Y. 307; *Matter of City of New York*, 91 App. Div. 532; *People ex rel. Wallaston Realty Co.* v. *Craig*, 229 N. Y. 23.)

*Lyman A. Spalding* and *Herbert Cole* for respondent. The question of interest on awards in street opening

proceedings is wholly statutory, and in the case at bar is governed by sections 1001 and 1002 of the New York charter (L. 1901, ch. 466), which sections were in effect at the time the report of the commissioners was confirmed. (*Matter of Einstein*, 150 App. Div. 856; 208 N. Y. 588; *Matter of City of New York*, 91 App. Div. 532; *Matter of Camman*, 143 App. Div. 223; *Matter of Nelson Ave.*, 35 App. Div. 406; *Matter of Cromwell Ave.*, 96 App. Div. 424; *Matter of Trustees, etc.*, 137 N. Y. 97.) Interest on an award made to " unknown owner " should be allowed to the date of payment of said award. (*Matter of City of New York*, 222 N. Y. 371; *Matter of Board of Street Openings*, 35 App. Div. 406; *Matter of Camman*, 143 App. Div. 223; *Woodward-Brown Realty Co.* v. *City of New York*, 203 App. Div. 625; *Matter of Seybel*, 120 App. Div. 292; 183 N. Y. 641; *Matter of Baker*, 178 App. Div. 1; *Matter of Einstein*, 150 App. Div. 856; *Matter of City of New York*, 91 App. Div. 532.) The respondent should not be deprived of the interest to which he is legally entitled, because of the order served on the comptroller of the city of New York by Katherine Van Valkenberg. (L. 1901, ch. 466, § 1002.)

CRANE, J. On September 15, 1903, an order of the Supreme Court was made and entered in the proceeding to acquire title to Lorillard place from Third avenue to Pelham avenue, borough of The Bronx, confirming the report of the commissioners of estimate and assessment, wherein awards were made to unknown owners, for damage parcel No. 4 in the sum of $200, and for damage parcel No. 5 in the sum of $200.

Thereafter and on or about the 21st day of May, 1906, one Katherine Van Valkenberg obtained an order of the Supreme Court, directing the comptroller of the city of New York to pay to her the said awards. A copy of said order was duly served upon the comptroller and pursuant thereto a warrant was drawn to the order of

said Katherine Van Valkenberg in the sum of $604.40, which sum represented the amount of the awards together with interest to July 20, 1906, the date of the drawing of the said warrant. The awards were never collected by the said Katherine Van Valkenberg.

On or about July 29, 1919, the respondent, William C. Bergen, having learned of the said awards, obtained orders from the Supreme Court canceling and vacating the order theretofore made directing the comptroller of the city of New York to pay said awards to Katherine Van Valkenberg, and ordering and directing the comptroller to pay the amount to him. Pursuant to the terms of said orders a warrant was thereupon drawn to the order of William C. Bergen in the sum of $604.40, with interest thereon from a date one year after confirmation to July 20, 1906, the date of the Van Valkenberg warrant. The respondent refused to accept said warrant, claiming interest up to October 15, 1919, the date of the order directing payment to him.

The dispute in this case is this question of interest. The Special Term denied the respondent's application for the additional interest, but the Appellate Division has granted it. The provisions of the Greater New York charter, as it was in 1901, govern the facts in this case.

Section 1002 provided as follows: "Where the name or names of the owner or owners, parties or persons entitled unto or interested in any lands, tenements, hereditaments, or premises that may be so taken for any of the purposes aforesaid, shall not be set forth or mentioned in the said report, or where the said owners, parties, or persons, respectively, being named therein, cannot upon diligent inquiry be found, it shall be the duty of the city to pay the sum or sums mentioned in the said report, payable, or that would be coming to such owners, proprietors, parties, and persons, respectively, into the said supreme court, to be secured, disposed of, and invested as the said court shall direct,

and such payment shall be as valid and effectual, in all respects, as if made to the said owners, proprietors, parties, and persons, respectively, themselves, according to their just rights, as if they had been known and had all been present. * * * And in default of such payment the said city of New York shall be and remain liable for the amount of the said sums of money with lawful interest thereon from a day one year after the date upon which title vested in The City of New York to the person or persons who may thereafter be found entitled to the same."

The section in the quotation given by the respondent in his brief is apparently taken from section 983 of the present charter, added by the Laws of 1915, chapter 606. The phraseology is different, but probably for this case, the difference is of little importance. The report of the commissioners in which the awards in question were made was confirmed by an order entered on September 15, 1903. Title pursuant to section 990 of the charter of 1901 shall vest in the city of New York upon the confirmation by the court of the report of the commissioners.

Interest, therefore, upon these awards ran from one year after the date of confirmation, unless the money was paid into the Supreme Court. The awards were not paid into the Supreme Court as they should have been and the comptroller in making out the warrant to the order of Van Valkenberg included interest on the awards up to July 20, 1906, the date of the warrant to Van Valkenberg. There is no dispute between the parties as to the amount up to this date. The position of the city is that as the Supreme Court had made an order directing payment to Van Valkenberg, and as the comptroller thereafter could not pay the money into the Supreme Court without disobeying the order interest ceased to run from the date of the order, or the warrant, to wit, July 20, 1906. The position of the relator is that as

the order of May 21, 1906, directing payment to Van Valkenberg was set aside in October and November of 1919, it is as though no previous order had been made and interest should run for one year after the date of confirmation of the report up to and including November, 1919. The respondent and the Appellate Division exclude completely from consideration the order of the Supreme Court directing the comptroller to pay these awards to Van Valkenberg. It is alleged in the papers on this motion that Van Valkenberg's order was obtained through fraud. The fact is, however, that the order of the Supreme Court was valid and binding upon the comptroller until set aside and it was his duty to be ready to pay and to comply with it whenever Van Valkenberg called and demanded her warrant.

If the warrant which had been made out in 1906 to Van Valkenberg had been paid to her there is no question but that the city would have been relieved from all liability to Bergen, the subsequent claimant, for the amount of the award and interest thus paid. (Greater N. Y. Charter, 1901, ch. 466, § 1002; *Merriman* v. *City of New York*, 227 N. Y. 279.)

In taking proceedings under the charter the title of known and unknown owners upon confirmation of the report of the commissioners vested completely in the city. (*Matter of Mayor, etc., of City of New York*, 99 N. Y. 569.) Whatever interest unknown owners had passed to the city, and their interest, if any, was transferred to the fund. These unknown owners could procure the amount of the award to them as such by proving their identity, their title in the property and their interest in the award. Section 1001 of the charter of 1901 provided: " When any sum or sums shall in said report be made to unknown owners, the supreme court shall, upon the application of said city of New York, or of any person entitled to, or claiming to be interested in the lands, tenements, or hereditaments for which said awards

have been made, or any part thereof, either direct the same to be retained by the comptroller, or to be paid into the supreme court, until the title thereto, or of the respective estates " and " interests of all parties therein shall be determined by said court, and upon such application, the said court may take the proof and testimony of the claimant or claimants, or parties interested in the lands for which said awards have been made, or refer the matter to a referee for such purpose."

It was pursuant to this section that Van Valkenberg made application to the Supreme Court as the unknown owner for the awards to these parcels of land made to unknown owners. It must be assumed that the Supreme Court acted upon affidavits or evidence showing her title. Its order was not void but valid until set aside. The order of May 21, 1906, directing payment of these awards to Van Valkenberg was in accordance with this provision of section 1001 and the comptroller was obliged to obey it. He did obey it. He drew the warrant to Van Valkenberg and the only reason it was not paid was because Van Valkenberg did not call for it. The comptroller was ever ready to pay the warrant and comply with the order up to the time that the order was set aside in 1919.

Had the money been deposited in the Supreme Court as directed by section 1002 it was still under the control and direction of the Supreme Court. The provision is that " it shall be the duty of the city to pay the sum * * * into the said Supreme Court to be secured, disposed of and invested as the said court shall direct." If the Supreme Court could direct the payment to Van Valkenberg after its deposit into court, its order would be equally effective if it were made before the money were deposited into court as in this case. Although the comptroller should have paid the money into court after September 15, 1904, and before May 21, 1906, yet the order of the Supreme Court on the latter date directing

him to pay it to Van Valkenberg, the unknown owner, was a legal excuse for his not thereafter paying the money into court. If the unknown owner is not entitled to interest after the payment of the award into court, we do not see how he is entitled to interest when by order of the Supreme Court the city cannot pay the award into court but must pay it to the ascertained owner.

After land has been condemned and title vested in the city by the confirmation of an award and the direction to pay it to the owner or the unknown owner, interest only is recoverable pursuant to the terms of the charter. The only default, therefore, of the comptroller which started the interest running was his failure to pay the award into court one year after its confirmation or the vesting of title in the city. The interest ran because of this default up to May 21, 1906, when the Supreme Court interfered, or July 20, 1906, the date of the warrant. For this default between September, 1904, and July, 1906, the city stands ready to pay the interest and has offered it to Bergen, the present claimant. We do not think that after July of 1906, for the reasons here stated, he is entitled to interest.

The interest here spoken of is the legal rate of six per cent. The city not having paid out these moneys on the Van Valkenberg order, may have received a certain amount of interest according to the fund in which it has been placed. It did not pay the money into the hands of the city chamberlain which would have stopped all interest. It has held the award awaiting the demand of Van Valkenberg, and now, since the Van Valkenberg order has been vacated, awaiting the demand of Bergen. Whatever interest it has received on this money should be paid to Bergen. Under this ruling the city will not profit by the neglect of its officials to pay money into the hands of the city chamberlain in the first instance.

The order of the Appellate Division should, therefore,

# 460 PEOPLE v. SPIVAK.

be reversed and the matter remitted to the Special Term to take proof of the interest which has been received by the city, if any, since the drawing of the Van Valkenberg warrants, and to enter an order in accordance with this opinion, without costs.

HISCOCK, Ch. J.; MCLAUGHLIN and ANDREWS, JJ., concur; CARDOZO and POUND, JJ., dissent; LEHMAN, J., not sitting.

Order reversed, etc.