In the Matter of the Application of the CITY OF NEW YORK Relative to Widening Neptune Avenue in the Borough of Brooklyn.

FLORENCE H. CLARK, Appellant; THOMAS H. WHEELER et al., Respondents.

(Argued May 18, 1936; decided July 8, 1936.)

*Leslie Clifford* and *Robert A. Young* for appellant.

*Walter E. Warner, Jr., Louis Reck, Jr., R. O'Gorman* and *E. J. O'Gorman* for The Emigrant Industrial Savings Bank, *amicus curiæ.*

*Charles L. MacDonald* for Thomas H. Wheeler et al., respondents.

*Thomas J. Donovan, Emanuel L. Turberg* and *William A. Speckels* for Louis C. Schwensen, as executor of Bertha Larson, deceased, and as administrator *de bonis non* of the estate of Walter Larson, deceased, respondent.

*Charles S. Rosenschein* and *Francis S. Levien* for Fleetwood Terrace, Inc., *amicus curiæ.*

O'BRIEN, J.   Walter Larson executed a mortgage for $50,000 to John T. Clark, Jr.   Several years later, title to a portion of the mortgaged premises vested in the city of New York in this condemnation proceeding and an award of $15,815 was made to Larson.   Title to the untaken parcels of the real estate was conveyed to Berwal Corporation and the mortgage was assigned to this appellant Florence H. Clark.   In a foreclosure action she entered judgment and at the sale she bid in the real estate for $20,000.   After acquiring title, there remained due to her the sum of $28,082.48 but no deficiency judgment has been obtained.   The balance of the award for that portion of the mortgaged premises which was condemned is $13,697.04 and is now on deposit with the City Chamberlain.   The mortgagee's motion for an

order paying it over to her was granted at Special Term but the Appellate Division reversed and certified this question: " When a portion of mortgaged premises has been taken by eminent domain and an award made to the mortgagor but not paid and thereafter the mortgage is foreclosed and the remaining property is purchased at the foreclosure sale by the mortgagee for a sum less than the amount found to be due in the judgment of foreclosure, must the mortgagee then obtain a deficiency judgment pursuant to the provisions of section 1083-a of the Civil Practice Act before being entitled to any payment out of the condemnation award? "

The lien of the mortgage attached to the entire premises which included that portion subsequently acquired by the city in this condemnation proceeding. The entire property covered by the mortgage was not sold even in partial satisfaction of the mortgage debt. Part had been converted into cash. The award for that portion of the premises condemned and covered by the mortgage was not and could not be sold with the land, but this award remains as security in place of the property condemned and is subject to the lien. The lienor is entitled to satisfy the entire amount of his lien from the award. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26, 29; *Matter of City of New York* [*Cropsey Ave.*], 268 N. Y. 183, 186.) Whether that provision in section 1083-a of the Civil Practice Act is unconstitutional (*New York Life Ins. Co.* v. *Guttag Corp.*, 265 N. Y. 292, 296; *Worthen Co.* v. *Kavanaugh*, 295 U. S. 56, 60, 62; *Louisville Joint Stock Land Bank* v. *Radford*, 295 U. S. 555, 580, 581, 584) which declares, " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist," need not be considered in this proceeding. We think that section 1083-a can have no application to the facts

before us. It deals with instances where the mortgaged property in its entirety is sold. That is not the case here.

The order of the Appellate Division should be reversed and that of the Special Term affirmed, with costs in the Appellate Division and in this court and the question certified answered in the negative.

CRANE, Ch. J., LEHMAN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Ordered accordingly.