In the Matter of the Application of THE CITY OF NEW YORK to Acquire Title to East 29th Street from Avenue " Z " to Emmons Avenue.

ERNESTINE SIEBERT, Appellant; CITY OF NEW YORK et al., Respondents.

Argued January 5, 1937; decided January 12, 1937.

*John L. Danzilo* for appellant. Section 1083-a of the Civil Practice Act does not apply where the entire property is not sold under the foreclosure decree. Therefore, the provision in the order appealed from, calling for the entry of a deficiency judgment as a condition for the payment of the award, is not authorized. (*Matter of City of New York* [*Neptune Ave.*], 271 N. Y. 331; *Cyllene Corp.* v. *Eisen,* 272 N. Y. 526.) The appellant is entitled to interest from a time one year after the entry of the final decree in condemnation, under section 983 of the charter of the city of New York (L. 1901, ch. 466, as amd.),

instead of six months' interest, as provided for in the resettled order, under section 981. (*People ex rel. Wallaston R. Co.* v. *Craig*, 190 App. Div. 556.)

*Paul Windels, Corporation Counsel (Joseph F. Mulqueen, Jr.,* and *Paxton Blair* of counsel), for City of New York, respondent. The failure to file a demand for payment of the award pursuant to section 981 of the charter stopped the running of interest six months after the entry of the final decree. (*Matter of City of New York* [*Chrystie Street*], 264 N. Y. 319.)

*George Schenker* for Vito Brandonisio et al., respondents. The acts of the appellant constituted a waiver of her right to the award. (*Merriman* v. *City of New York*, 227 N. Y. 279; *Matter of Sea Beach R. Co.*, 148 N. Y. Supp. 1080; 121 App. Div. 907; 196 N. Y. 533.)

RIPPEY, J. On November 7, 1931, a final decree was filed in the office of the Clerk of Kings county awarding damages in the sum of $1,337.33 to Vito Brandonisio and Louisa Brandonisio, his wife, as owners of damage parcels 207 and 208, in a proceeding by the city of New York to acquire title to an extension of Twenty-ninth street from Avenue " Z " to Emmons avenue subject to the three mortgages mentioned below. These parcels were a part of property known as Lot 17 as shown on the map of property of the Dann Realty Corporation, situated at Sheepshead Bay, filed in the office of the Register of Kings county on March 30, 1921, as Map No. 1756. The decree provided for levying an assessment of $493.59 for benefit to the property remaining after the taking of the damage parcels.

Ernestine Siebert was record owner and holder of a first mortgage on Lot 17 on which $2,250 and accrued interest was due at the time the final decree was filed. There were two other mortgages on Lot 17, one held by Johanne M. Claussen for $2,600 and one by Ernestine

Siebert for $500. The decree named the Title Guarantee and Trust Company as owner of the first mortgage and did not name the other mortgagees. In proceedings to foreclose the first mortgage a sale of the property covered by the mortgage, other than damage Lots 207 and 208, was held on August 5, 1935, at which the mortgagee became the purchaser for $1,000.

. Ernestine Siebert moved at Special Term on August 7, 1935, for an order directing the Comptroller of the city of New York to pay to her the entire amount of the award with interest less the benefit assessment and accrued taxes at the time of entry of the decree. A referee was named to take proof of the facts and report back to the court. On the hearing it appeared that Luke Brandonisio was the record owner of Lot 17, which included the damage parcels. It also appeared that the amount required by the referee on the sale in the foreclosure proceedings to cover the amount due the mortgagee, taxes, costs and expenses of foreclosure and benefit was $4,545.49. After applying the $1,000 for which the mortgagee bid in the property, there remained a deficiency of $3,545.49, and the referee who sold the property so reported to the court on August 19, 1935. It also appeared that the receiver in the foreclosure action had collected rents and that the net amount in his hands was paid to the mortgagee, leaving a net deficiency of $3,258.04. The referee reported to the court that Ernestine Siebert was entitled to the full amount of the award together with lawful interest subject to the payment of the assessment for benefit with interest from the date of entry of the decree, subject to a ruling by the court on the claim by the city that she was not entitled thereto because she had not been granted a deficiency judgment. When the report came on for confirmation, the court held, upon motion of the Corporation Counsel, that Ernestine Siebert must enter a deficiency judgment if

possible, but, if not possible, she must apply at the foot of the order to be entered for a determination by the court of the deficiency resulting from the sale of the premises at foreclosure in the manner provided in section 1083-a of the Civil Practice Act as a condition precedent to payment to her of the whole or of any part of the award. An order to that effect and otherwise approving the report of the referee was made and entered on October 10, 1935. The Comptroller of the city of New York thereupon moved to resettle the order. On November 14, 1935, an order was entered denying the motion to resettle, vacating the order of October 10, 1935, but again confirming the report of the referee with the modification and condition that the mortgagee must proceed to secure a deficiency judgment pursuant to section 1083-a of the Civil Practice Act before she could have any part of the award and that interest on the award should be allowed under the provisions of section 981 of the Greater New York Charter (Laws of 1901, ch. 466, as amd. L. 1915, ch. 606). That section provides that, in the absence of a demand on the Comptroller for payment, interest should be computed on the award for six months only after the date of filing the decree. The Appellate Division of the second department affirmed the order by a divided court. (247 App. Div. 648.)

When a part of the mortgaged property was taken in condemnation proceedings the award was subject to the lien of the mortgage on the whole. (*Matter of City of New York* [*Houghton Ave.*], 266 N. Y. 26.) The amount due on the first mortgage, after applying the amount received on the sale of the property not taken by the city, exceeded the amount of the award. The mortgagee was entitled to the whole award with interest less the benefit assessment. She was not required to proceed in the manner specified in section 1083-a of the Civil Practice Act to procure a deficiency judgment or to attempt otherwise to enter a judgment for a deficiency before she

became entitled to payment from the city. (*Matter of City of New York* [*Neptune Ave.*], 271 N. Y. 331.) The filing of the report of the referee in foreclosure showing the amount of deficiency was sufficient.

Section 983 of the city charter provides that when the name of the owner of the property taken shall not be set forth or mentioned in the final decree, or in the report of the commissioners, as the case may be, or where there are adverse or conflicting claims to the money awarded as compensation, the city shall pay such award into the Supreme Court. The name of the owner was not set forth as required, notwithstanding his name was a matter of public record. The city knew and the decree showed that there were conflicting claims to the award. Nevertheless, the money was not paid into court. There was nothing to interfere with the city's complying with the provisions of the charter. Had there been an obstacle present it might have relieved the city from paying interest while that obstacle stood in the way. (*Matter of Bergen*, 237 N. Y. 452.) It is provided in section 983 that, in default of such payment, the city shall be and remain liable for the award with lawful interest thereon from a date one year after the date of the final decree. Interest must be added to the award at the rate of six per cent per annum from November 7, 1932.

The orders appealed from should be reversed, with costs in this court and in the Appellate Division, and the matter remitted to the Special Term to enter an order in accordance with this opinion on the report of the referee, with costs. (See 273 N. Y. 582.)

CRANE, Ch. J., O'BRIEN, HUBBS and LOUGHRAN, JJ., concur; LEHMAN and FINCH, JJ., taking no part.

Ordered accordingly.