MARIAN S. HONEYMAN, Appellant, *v.* HERBERT G. HANAN, as Executor of HERBERT W. HANAN, Deceased, Respondent.

Reargued May 24, 1937; decided July 13, 1937.

*Robert B. Honeyman* for appellant. The obligors in a primary obligation evidencing a loan upon collateral may guarantee the collateral or assure the lender in any other way without changing their primary liability or the substance of the transaction. Here the obligors received the obligees' money and agreed to repay it, and not upon any condition, and they did not guarantee the collateral bond. (*Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 88; *Clark* v. *Howard*, 150 N. Y. 239.) Section 1078 of the Civil Practice Act does not apply. (*Reichert* v. *Stilwell*, 172 N. Y. 86.) The contract of appellant has been materially impaired if chapter 794 of the Laws of 1934 is applicable thereto. (*Van Hoffman* v. *City of Quincy*, 4 Wall. 535; *Worthen Co.* v. *Kavanaugh*, 295 U. S. 56; *Rutherfurd Realty Co.* v. *Cook*, 198 N. Y. 29; *N. Y. Life Ins. Co.* v. *Guttag*, 265 N. Y. 292; *Feiber Realty Corp.* v. *Abel*, 265 N. Y. 94; *Morris* v. *Morange*, 38 N. Y. 172; *City Bank Farmers Trust Co.* v. *Ardlea*, 267 N. Y. 225; *Sliosberg* v. *N. Y. Life Ins. Co.*, 244 N. Y. 482.) The provisions of chapter 794 of the Laws of 1933 impair the obligations of appellant's contract and thus violate the constitutional prohibition upon such legislation. (*Home Bldg. & L. Assn.* v. *Blaisdell*, 290 U. S. 398; *Green* v. *Biddle*, 8 Wheat. 1; *Bronson* v. *Kinzie*, 1 How. 311; *McCracken* v. *Hayward*, 2 How. 608; *Barnitz* v. *Beverly*, 163 U. S. 118; *Swinburne* v. *Mills*, 17 Wash. 611; *Strand* v. *Griffith*, 63 Wash. 334; *Robards* v. *Brown*, 40 Ark. 423; *Worthen Co.* v. *Thomas*, 292 U. S. 426; *Worthen Co.* v. *Kavanaugh*, 295 U. S. 56; *Louisville Bank* v. *Radford*, 295 U. S. 555; *Beaver County B. & L. Assn.* v. *Winowich*, 187 Atl. Rep. 481.)

*James S. Brown, Jr., William Gilligan* and *Anthony F. Tuozzo* for respondent. The bond in suit is a collateral bond or guaranty. (*City Bank* v. *Ardlea*, 267 N. Y. 224; *Cupples Envelope Co.* v. *Lackner*, 99 App. Div. 231; *Bonnell* v. *Griswold*, 68 N. Y. 294; *Greeff* v. *Equitable Life Assur. Society*, 160 N. Y. 19; *Hamilton Trust*

*Co.* v. *Shevlin,* 156 App. Div. 307.) The amended complaint does not state a cause of action, because of appellant's failure to comply with the provisions of section 1078 of the Civil Practice Act. (*Scofield* v. *Doscher,* 72 N. Y. 491; *Robert* v. *Kidansky,* 111 App. Div. 475; *Farish* v. *Austin,* 25 Hun, 430; *Freeman* v. *Dutcher,* 15 Abb. N. C. 431; *Smith* v. *Briton,* 45 How. Pr. 428; *Rae* v. *Beach,* 76 N. Y. 164; *McKernan* v. *Robinson,* 84 N. Y. 105; *Morrison* v. *Slater,* 128 App. Div. 467.) The motion to dismiss for insufficiency necessarily raised the question of appellant's non-compliance with section 1078, and such defect could not be waived. (*Roseman* v. *Fidelity & Deposit Co.,* 148 Misc. Rep. 132; *Myers* v. *Chicago, St. Paul R. R. Co.,* 69 Minn. 476; *Monette* v. *Cratt,* 7 Minn. 234; *Van Doren* v. *Tjader,* 1 Nev. 380; *Peck* v. *Hinds,* 68 Ill. App. 319; *Viertels* v. *N. Y., O. & W. R. R.,* 182 App. Div. 92; *Scott* v. *Scott,* 186 App. Div. 518; *Erie R. R. Co.* v. *International R. R. Co.,* 209 App. Div. 380; 239 N. Y. 598.) The judgment in the foreclosure action adjudicated the rights of the parties and the respondent was thereby released from liability on this collateral bond. (*Klinke* v. *Samuels,* 264 N. Y. 144.) The question of constitutionality was not properly or timely raised. (*Ross* v. *Lipscomb,* 83 S. C. 136; *Kansas City R. R.* v. *Stiles,* 242 U. S. 111; *Wall* v. *Parrot Silver & Copper Co.,* 244 U. S. 407; *Beaupre* v. *Noyes,* 138 U. S. 397; *Electric Co.* v. *Dow,* 166 U. S. 489; *Hurley* v. *Commission of Fisheries,* 257 U. S. 223; *Matter of Anderson,* 178 N. Y. 416; *Dodge* v. *Cornelius,* 168 N. Y. 242.) Chapter 794 of the Laws of 1933 is constitutional. (*Blaisdell* v. *Home Bldg. & Loan Assn.,* 290 U. S. 398; *Matter of People* [*Title & Mortgage Guarantee Co.*], 264 N. Y. 69; *Black* v. *Hirsh,* 256 U. S. 135; *Klinke* v. *Samuels,* 264 N. Y. 144; *City Bank* v. *Ardlea,* 267 N. Y. 224; *Kramer* v. *Relgov,* 268 N. Y. 592; *McCarty* v. *Prudence Bonds,* 149 Misc. Rep. 13; *Patterson* v. *Kentucky,* 97 U. S. 501; *Barbier* v. *Connolly,* 113 U. S. 27; *Sliosberg* v. *N. Y. Life*

*Ins. Co.*, 244 N. Y. 482; *Johnson* v. *Myer*, 268 N. Y. 701; *Suring State Bank* v. *Giese*, 210 Wis. 489; *Monaghan* v. *May*, 242 App. Div. 64; *Guaranteed Title & Mortgage Co.* v. *Scheffres*, 247 App. Div. 294; *Emigrant Industrial Savings Bank* v. *Bokkelen*, 269 N. Y. 110; *Waggoner* v. *Flack*, 188 U. S. 595; *Oshkosh Waterworks Co.* v. *Oshkosh*, 187 U. S. 437; *Johnson* v. *Myer*, 268 N. Y. 701; *Land Finance Corp.* v. *Giorgio, Jr.*, 235 App. Div. 627; *Bank of Manhattan* v. *Ellda*, 147 Misc. Rep. 374.)

LEHMAN, J. The plaintiff seeks in this action to recover from Herbert G. Hanan, as executor of Herbert W. Hanan, deceased, the amount alleged to be due and unpaid under the terms of a bond executed and delivered in 1920 to plaintiff's assignors whereby John H. Hanan, Herbert W. Hanan and Addison G. Hanan bound themselves, severally and jointly, to pay the sum of $60,000. The complaint alleges that at the time of the execution of the bond and " as collateral security for the payment of said indebtedness " the said John H. Hanan assigned to the obligees named in the bond another bond which had been executed in 1907 by John H. Hanan and John H. Hanan Realty Company and which was secured by a mortgage upon premises in the city of New York executed simultaneously with that bond, and that he delivered also an extension agreement, in writing, executed by the said John H. Hanan, extending the time for the payment of the indebtedness evidenced by the said bond dated January 10, 1907. In 1933 the plaintiff, to whom the bond of the said John H. Hanan, Herbert W. Hanan and Addison G. Hanan, " together with the bond and mortgage hereinbefore referred to," had been assigned, began an action to foreclose the mortgage. The sale held in March, 1934, under a judgment entered in that foreclosure action, resulted in a deficiency of about $58,000. A motion made in that action by the plaintiff for a deficiency judgment was denied. Then the plaintiff began this action. The defendant by motion made pursuant to rule 106 of the Rules of Civil Practice, has successfully

challenged the sufficiency of the complaint on the ground that it appears on the face thereof that the complaint does not state facts sufficient to constitute a cause of action. The challenge to the sufficiency of the complaint is based upon a contention that the plaintiff's cause of action, if any, comes within the scope of sections 1083-a and 1083-b of the Civil Practice Act, and that under the provisions of these sections, no recovery may be had.

These sections by their terms apply here only if the action is to recover a judgment for an " indebtedness secured by a mortgage on real property " against a person " directly or indirectly or contingently liable therefor." It is not disputed that the allegations of the complaint are sufficient to constitute a cause of action if the bond of 1920 upon which recovery is here sought constitutes a primary obligation to repay a loan of $60,000 made at that time to the obligor for which the bond and mortgage of 1907 was, as stated in the complaint, assigned as collateral security. That is the theory of the complaint, but the defendant maintains that the bond, which is annexed to the complaint, does not constitute a primary obligation to repay a loan then made, but was given in connection with the sale of an existing bond and mortgage, and binds the obligors only to pay the indebtedness secured by that bond and mortgage in the event that payment is not otherwise obtained. If that is the correct construction of the bond in suit, then the plaintiff could not, even before sections 1083-a and 1083-b were enacted, maintain an action to recover any part of the mortgage debt without permission of the court in which the foreclosure action was brought, obtained in accordance with the provisions of section 1078 of the Civil Practice Act. Even if such leave were granted by the court the provisions of sections 1083-a and 1083-b would, if valid, preclude recovery after denial of a deficiency judgment in the foreclosure action. Thus upon the defendant's motion to dismiss the complaint, the problem primarily

presented concerned the proper construction of the bond in suit; though the plaintiff maintains that even if the court should hold that under the terms of the bond the obligors are bound indirectly or contingently to pay the existing mortgage debt, the action could still be maintained because, as she claimed, the provisions of sections 1083-a and 1083-b would then violate the provisions of the Constitution of the State and of the United States.

The bond in suit is annexed to the complaint. The obligation of the defendant is created and defined therein. The conclusion of the pleader, who formulated the complaint, that the bond created an original indebtedness collaterally secured by the assignment of a pre-existing bond and mortgage, must be disregarded by the court, if the language of the bond defines in other manner, without ambiguity or equivocation, the obligation created by the bond. The bond recites that in 1907 John H. Hanan executed and delivered a bond and mortgage there described for the sum of $118,000; that the bond and mortgage has been assigned by mesne assignments to John H. Hanan and that John H. Hanan is " about to assign the said bond and mortgage to the obligee above named [*i. e.*, plaintiff's predecessor in title] and Whereas the said John H. Hanan Realty Company (the owner of the mortgaged premises and an obligor under the bond secured by that mortgage) has executed and delivered to the obligee above named an extension agreement bearing even date herewith wherein and whereby among other things it covenants and agrees to pay the principal sum of sixty thousand dollars ($60,000) being the balance unpaid upon the said bond and mortgage to the said obligee on the 17th day of August, 1923, with interest thereon at the rate of six per cent. (6%) per annum, computed from the 17th day of August, 1920, and to be paid semi-annually on the 17th days of February and August, as in the said extension agreement set forth, and

" Whereas, to induce the said obligee to advance the said sum of sixty thousand dollars ($60,000) upon the said bond and mortgage, as aforesaid, and to execute and deliver the said extension agreement the said obligors hath agreed to make, execute and deliver this bond as further and additional security for the payment of the said above-mentioned bond and mortgage.

" Now therefore the condition of this obligation is such, that if the parties bound to pay the moneys secured by said bond and mortgage, or the above-bounden obligors, their respective legal representatives or assigns shall well and truly pay, or cause to be paid, to the said obligee, their successors, legal representatives or assigns, the just and full sum of sixty thousand dollars ($60,000), together with all interest thereon, as the same shall become due and payable according to the terms and conditions of the aforesaid bond and mortgage and extension agreement; and if the said obligors, their respective legal representatives and assigns shall, at all times hereafter, hold, indemnify and save harmless the said obligee, their successors, legal representatives and assigns, from and against all loss, damages, costs, expenses, suits, actions, claims and demands whatsoever, which·they may or might otherwise, at any time hereafter, sustain, suffer, be liable to or obliged to pay under or by reason of any default in any of the terms, provisions, covenants or conditions of the aforesaid bond and mortgage or any extension thereof, then this obligation to be void, otherwise to remain in full force and virtue."

No argument, or even detailed analysis of the language of the bond, seems necessary in order to demonstrate that the bond in suit is a collateral bond which binds the obligors indirectly to pay the existing mortgage indebtedness and is not a bond by which the obligors assumed a primary obligation to repay a loan. There was no new loan but only an extension and sale of an existing mortgage debt with a new promise to pay that mortgage debt, by other persons not previously bound.

That appears both from the recital and from the contractual portions of the bond. There is no room for other construction. This court had already sustained the constitutional validity of sections 1083-a and 1083-b, and had held that these sections would be applicable to a bond for the payment of an existing mortgage debt. (*Klinke* v. *Samuels*, 264 N. Y. 144; *City Bank Farmers Trust Co.* v. *Ardlea Incorporation*, 267 N. Y. 224.) Arguments which we recognized were not without force were urged for a contrary decision in this case. We determined to adhere to our previous decision. We had in the earlier cases stated the reasons for such decision, and, without restatement of our reasons, we affirmed the decision of the courts below, but upon application thereafter made by the appellant in order to facilitate a review by the Supreme Court of the United States, the remittitur was amended to show that " A question under the Federal Constitution was presented and necessarily passed upon by this court. The plaintiff contended that chapter 794 of the Laws of the State of New York, enacted in 1933, as amended (Sections 1083-a and 1083-b of Civil Practice Act), impair the obligations of contracts, and thus violate article I, section 10, of the Constitution of the United States. This court held that such laws do not violate said provisions of article I, section 10, of the Constitution of the United States." (271 N. Y. 662.)

Since we had decided in previous cases that the legislation was valid under the Constitutions of the State and of the United States, it was not necessary for the court to determine to which parts of the legislation the new challenge was properly directed or whether the constitutional questions properly raised were substantial. However raised and whether substantial or not, our answer was given in our previous opinions and decisions and it was immaterial in this court whether the answer had a wider scope than the questions properly presented.

Though the decision of this court upon the appeal here did not depend upon or require a definite formulation

of the constitutional questions which were properly raised by the appellant and a determination whether each question argued by the appellant must necessarily be decided by this court — since we had already decided in other cases *all* such questions adversely to the appellant — yet such formulation might be essential to proper review by the Supreme Court of the United States if the appellant brought the case there. In amending the remittitur in the manner requested by the appellant, our attention was not directed to the fact that the record in this case might leave uncertain the precise nature of the Federal question raised and necessarily determined upon the challenge of the constitutional validity of sections 1083-a and 1083-b of the Civil Practice Act, and that this uncertainty might not be removed by the general statement in the remittitur that the appellant contended that the statute "impairs the obligations of contracts, and thus violates article I, section 10, of the Constitution of the United States" and that "this court held that such laws do not violate said provision of article I, section 10, of the Constitution of the United States." Upon the appeal thereafter taken to the Supreme Court of the United States, that court remanded the cause for further proceedings "in order that uncertainty may be removed and that the precise nature of the Federal question, how it was raised and the grounds of its dis-position, may be definitely set forth." (*Honeyman* v. *Hanan,* 300 U. S. 14, 26.) In accordance with the mandate of the Supreme Court, we ordered a reargument of the appeal.

Upon the reargument we have reached the same conclusion as we reached upon the original argument of this appeal. We again hold that the bond in unequivocal language creates an indirect obligation to pay the amount remaining unpaid upon the original bond of 1907 secured by the mortgage on real property and that the provisions of sections 1083-a and 1083-b of the Civil Practice Act apply to this action. The complaint fails to show

that after judgment for the plaintiff in the foreclosure action, leave of the court was obtained to bring this action, as required by section 1078. Section 1078 finds its origin in the Revised Statutes, antedating even the Code of Civil Procedure. Its validity under the Constitution has never been challenged and is not challenged now. If we sustain the objection that failure to comply with its provisions requires dismissal of the complaint, the court will not be required to consider any constitutional question. We did not upon the original hearing of this appeal consider that alleged defect in the complaint. The respondent did not challenge the sufficiency of the complaint on that ground in the courts below or upon the original argument here. The objection could under the old practice have been raised by demurrer. (*Freeman* v. *Dutcher*, 15 Abb. N. C. 431; *Scofield* v. *Doscher*, 72 N. Y. 491.) It may be raised under the modern practice by motion made upon rule 106 of the Rules of Civil Practice. The defendant urges that it is not too late to raise the objection even now. Failure to obtain leave of the court is not such a jurisdictional defect that it may not be waived, and that it must be considered by the court although the objection is not raised by any party. It is too late to raise such an objection now, but even if it had been raised earlier we should have been constrained to overrule the objection.

Section 1083-a is intended to provide an exclusive procedure for the entry of a judgment for any residue of a debt secured by mortgage after sale of the mortgaged premises. Whenever applicable, it was intended to supersede section 1078. It would, it is plain, be futile to ask leave to bring an action to recover a debt so long as the statute forbids a recovery in such an action if brought. If leave to bring an action had been denied because section 1083-a would make the bringing of such an action useless, the plaintiff might have challenged the validity of that section. He is not barred from

raising that challenge because he did not court such refusal. Failure to ask leave has been waived by the defendant, and if not waived by the defendant would be sanctioned by the court.

The plaintiff made the defendant Herbert G. Hanan a party to the foreclosure action. He was a proper party under subdivision 7 of section 1079 of the Civil Practice Act, and upon proper proof the final judgment might have awarded payment by him of the residue of the debt remaining unsatisfied after a sale of the mortgaged property, and "application of the proceeds, pursuant to the directions contained therein." (§ 1083.) The foreclosure action was discontinued as to him only after the motion for a deficiency judgment was denied. Even if he had not originally been a party to the action, recovery in any action brought thereafter would be subject to the conditions and limitations imposed by sections 1083-a and 1083-b of the Civil Practice Act, and it seems clear to us that, if these sections are valid, no recovery could be had in any subsequent action after denial of a deficiency judgment in the foreclosure action. To sustain her cause of action, the plaintiff must then challenge, as she has done, the validity of these sections. In sections 1079 and 1083 of the Civil Practice Act the Legislature provided a convenient method by which a plaintiff might in a foreclosure action recover against any person liable for payment of a debt secured by mortgage the residue of the debt " remaining unsatisfied, after a sale of the mortgaged property, and the application of the proceeds, pursuant to the directions contained therein." A common law action against such a person to recover a money judgment might still be maintained, though no foreclosure action had been brought, but by section 1078 the Legislature placed conditions upon the bringing of a common law action to recover a money judgment while a foreclosure action is pending or after final judgment for the plaintiff therein. By sections 1083-a and 1083-b

the Legislature introduced a new policy into the law of the State for the period of the emergency. Though a money judgment may still be recovered against a person liable, directly or indirectly or contingently, for payment of a mortgage debt, yet any party against whom such a judgment is demanded is entitled to set off the fair and reasonable market value of the mortgaged property. That is true alike where a money judgment is demanded in an action to foreclose the mortgage (§ 1083-a) or in an action " other than an action to foreclose a mortgage " (§ 1083-b). However, to avoid the inconvenience and even injustice that might result from inconsistent determinations of the " fair and reasonable market value of the mortgaged property " that might be rendered in successive actions, the Legislature has required that after mortgaged premises have been sold under a judgment in a foreclosure action, the right of the plaintiff to a money judgment for any part of the mortgage debt remaining unpaid must be determined in the foreclosure action. The Legislature has declared that: " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." (§ 1083-a.) Certainly the denial of a motion for a deficiency judgment cannot in this respect be less effective than failure to make the motion.

We are not advised whether in the foreclosure action the plaintiff challenged the validity of section 1083-a. Even if the plaintiff did properly challenge in that action the validity of section 1083-a, we could not upon this appeal consider that challenge, for no order or judgment in that action is before us for review. On this appeal we review only the decision that after denial of a deficiency judgment in the foreclosure action upon a motion made pursuant to section 1083-a, the plaintiff is not entitled to maintain an action to recover upon the bond which the

defendant's testator, Herbert W. Hanan, signed as obligor. The challenge to the constitutional validity of the statute raises the constitutional question whether the obligations of the contract are impaired and article I, section 10, of the Constitution of the United States violated by the provisions of sections 1083-a and 1083-b, which provide that during the emergency period an action to recover a money judgment for any indebtedness secured by mortgage may not be maintained after the mortgaged premises have been sold under a judgment of foreclosure and sale, unless the right to a deficiency judgment has been determined in the foreclosure action. We decided that question against the appellant after the original argument. We adhere to that decision now.

In sustaining the validity of the statutes here challenged, we should perhaps state that we are not deciding that the Legislature has power to declare that for every purpose a debt shall be " deemed " to be satisfied though in fact the debt has not been paid or satisfied in accordance with the instrument which created it. We have given to this provision a limited application. (Cf. *Matter of City of New York* [*Neptune Ave.*], 271 N. Y. 331; *Cyllene Corp.* v. *Eisen*, 272 N. Y. 526; *Matter of City of New York* [*E. 29th St.*], 273 N. Y. 62.) We hold only that reasonable limitations and restrictions may be placed upon actions to recover the debt, in order to meet conditions which constitute an imminent danger to the public welfare.

The judgment should be affirmed, with costs. (See 275 N. Y. 625.)

O'BRIEN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., taking no part.

Judgment affirmed.