In the Matter of the Application of CHARLOTTE R. GRAEF for Payment of Awards in the Proceeding Made for Parcels Nos. 95C and 95B, etc., to Acquire Title to Haviland Avenue, from Virginia Avenue to Zerega Avenue, etc., in the Borough of Bronx, City of New York.

In the Matter of the Application of WILLIAM R. DEVINE and DOROTHY DEVINE, for Payment of Award Made for Parcels No. 95B and 95C, etc., in the Proceeding to Acquire Title to Blackrock Avenue, from Virginia Avenue to the Bulkhead Line of Westchester Creek, in the Borough of Bronx, City of New York.

Supreme Court, Special Term, Bronx County, September 27, 1938.

*Coan & Coan*, for the petitioner Charlotte R. Graef.

*Arnstein, Schwartz & Sarno*, for the petitioners William R. Devine and Dorothy Devine.

No appearance for the City of New York.

McLAUGHLIN (CHARLES B.), J.   The issue before the court to be disposed of is:   Which of these claimants is entitled to an award made for these damage parcels in the above-entitled proceedings. William R. Devine and Dorothy Devine were the owners in fee of these parcels, and the claimant Charlotte R. Graef is the assignee of the mortgagees named in the mortgage upon the premises at the

time the city took title to these damage parcels. It is conceded that the city of New York took title to these premises on the 1st of August, 1913. Under section 979 of the Greater New York Charter (now section B15-37.0 of the Administrative Code), all titles to real estate in the above premises were wiped out, and the award became personal property.

However, under our law, the mortgagees of the entire premises of which the damage parcels formed a part became entitled to the entire award up to the unpaid amount of the mortgage. (*Matter of City of New York [Houghton Ave.]*, 266 N. Y. 26.) It was not necessary for them to obtain a deficiency judgment before they became entitled to such moneys. (*Matter of City of New York [E. 29th St]*., 273 N. Y. 62.) Under these decisions the owner of the property had no interest in the fund which was not subordinate to the rights of the mortgagee. The court may adjudicate the rights of the parties to this property as they existed on the day that the city took title. From that day on, all the Devine claimants could deliver to any one by way of transfer by deed was the balance of the entire tract after the portions that had been taken in condemnation had been subtracted therefrom. So that on September 27, 1918, when Dorothy Devine, who had obtained the entire property, conveyed the mortgaged premises to Ruhl and Wurm, the claimant Graef's assignors, all that could have been granted was the balance of the property, and, therefore, the doctrine of merger applied to that portion only and could not affect the rights of the parties as they were established in 1913, the time the city took title.

These motions are consolidated, and the application of the claimant Charlotte R. Graef is granted, and the application of William R. Devine and Dorothy Devine is denied. Settle order in form approved by the corporation counsel.