In Re: Condemnation by the Commonwealth of Pennsylvania, Department of Transportation, of Right of Way for Legislative Route 67009, Section 11T R/W, in the City of Philadelphia. John Mc-Shain Charities, Inc., Appellant.

Argued October 5, 1979, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Denis James Lawler,* with him *James Francis Lawler, Ostroff & Lawler,* for appellant.

*Mary E. Bretz,* with her, of counsel, *Morgan, Lewis & Bockius,* for appellee, Trustees, Builders Investment Group.

OPINION BY JUDGE MACPHAIL, December 20, 1979:

This is an appeal from an order of the Court of Common Pleas of Philadelphia County, Civil Division, directing its Prothonotary to pay Builders Investment Group (BIG) $63,825.00 deposited with that Court on May 17, 1976, by the Pennsylvania Department of Transportation (Department) as estimated just com-

pensation for the condemnation on March 30, 1973, of a 5900 square foot parcel of a 48 acre tract which was owned by Metrocen, Inc., at the time of the condemnation.

On the date of condemnation, John McShain Charities, Inc. (Charities), held a first purchase money mortgage lien of $19,160,520.00 against the entire 48 acre tract and BIG held a second mortgage lien of $3,150,000.00 on the same tract. On June 4, 1974, Charities confessed judgment on its mortgage bond against Metrocen. On September 8, 1975, Charities purchased the tract at an execution sale. On June 23, 1976, Charities filed a petition in the lower court to intervene and withdraw the estimated just compensation deposited by the Department with the Prothonotary. BIG filed an answer with new matter alleging that Charities was not entitled to the fund and that BIG was entitled to the fund. BIG pleaded that Charities failed to proceed under the Act of July 16, 1941 (Act), P.L. 400, *as amended, formerly* 12 P.S. §2621.1 *et seq.*[1] (relating to deficiency judgments). On November 10, 1978, the trial court granted leave to intervene to both Charities and BIG and, after considering the pleadings, record, argument and memoranda, ordered that the sum on deposit be distributed to BIG.

Charities admits that it did not file any proceedings under the Act. In *Federal National Mortgage Assn. v. Guy Heavener, Inc.* (hereinafter *Heavener*), 16 Pa. Commonwealth Ct. 386, 328 A.2d 590 (1974), our Court held that a mortgagee which had foreclosed on a mortgage and purchased the mortgaged property at an execution sale but had failed to obtain a deficiency judgment under the Act could not participate in funds deposited as estimated just compensation in an

---

[1] Repealed by Section 2(a) of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, 42 P.S. §20002(a) [1227]. Similar provisions are found in the Judicial Code, 42 Pa. C.S. §8103.

eminent domain proceeding where the declaration of taking of an easement over a portion of the mortgaged premises preceded the mortgagee's judgment. Confronted with our decision in *Heavener,* which certainly would seem to control the case now before us, Charities argues that there is a factual distinction between *Heavener* and the instant case. Charities contends that whereas the owners of the mortgaged premises in the instant case had never made any payments on that mortgage to Charities, the mortgagee in *Heavener* was eventually made whole because it received payments from the owners periodically and resold the property which it had bought in at the execution sale for more than the principal and interest balance on the mortgage owned by the owners. Our review of the record in the *Heavener* case indicates that the mortgagee's representative testified that the mortgagee had filed a claim with the Federal Housing Administration which had insured (guaranteed) the original mortgage obligation for a sum which exceeded the original amount borrowed. However, at the time of the disposition of the case by the trial court, the mortgagee had not been reimbursed nor had anything been paid on the claim by the Federal Housing Administration. For that reason, Judge ROGERS, speaking for our Court, quite accurately defined the issue to be decided as though the mortgagee had not been made whole, which, of course, was in accord with the facts then before our Court. What the opinion did say, clearly and unequivocally, was that where the execution creditor fails to file a petition under the Act to fix the value of the property bought in, there is an irrebuttable presumption that the debt was paid in full. Indeed, that is also the precise holding in *McGrath Estate,* 159 Pa. Superior Ct. 78, 46 A.2d 735 (1946).

Charities also argues that barring it from participating in the proceeds of the eminent domain proceed-

ing because it did not file a petition to fix the value of the real estate under the Act is in direct conflict with the provisions of Section 521 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-521, which provides that the distribution of money paid into court in an eminent domain proceeding shall be distributed to lienholders as of the date of the filing of the declaration of taking. This identical argument was raised in *Heavener* and dismissed as "clearly unacceptable." We see no reason to disturb that conclusion.

Finally, Charities argues that when the legislature enacted the Act, it never considered the problem raised by this case. In support of its argument, Charities cites two lower court cases[2] which were decided without reference to the Act and several cases outside of our jurisdiction.[3] In the latter cases it was held, as contended by Charities here, that where a portion of the mortgaged land is condemned and thereafter the remainder of the real estate is bought in by a lienholder at its own execution sale, the condemnation award remains as security in place of the property condemned and is subject to the lien. Unfortunately for Charities, our own Supreme Court in *Union Trust Co. v. Tutino*, 353 Pa. 145, 149, 44 A.2d 556, 558 (1945) in an opinion by Justice LINN, said:

There is nothing in the Act to indicate that if a plaintiff elects to have execution against only part of the mortgaged property, he need not

---

[2] *Collegeville Building & Loan Assn. v. Commonwealth*, 48 D. & C. 79 (1943) ; *McCabe v. Arcuri*, 79 P.L.J. 89 (1930).

[3] *Matter of the Petition of Dillman*, 276 Mich. 252, 267 N.W. 623 (1936) ; *Matter of City of New York (E. 29th St.)*, 273 N.Y. 62, 6 N.E. 2d 98 (1937) ; *Cyllene Corp. v. Eisen*, 272 N.Y. 526, 4 N.E. 2d 431 (1936) ; *Matter of City of New York (Neptune Ave.)*, 271 N.Y. 331, 3 N.E. 2d 445 (1936) ; *Matter of Graef*, 169 Misc. 869, 7 N.Y.S. 2d 842 (1938).

apply to the court to fix the value of the part sold; on the contrary, a construction to that effect is excluded by the requirement that he must have the value fixed whenever 'any' real property is sold.

Therefore, notwithstanding authority to the contrary elsewhere, it is evident that the Pennsylvania rule is that the mortgagee in the instant case should have proceeded under the Act.

In summary, it is apparent to us that the precise issues raised by Charities in the instant case have been resolved against it by the appellate courts of this Commonwealth. Accordingly, we will affirm the order of the Philadelphia Court of Common Pleas.

ORDER

AND Now, this 20th day of December, 1979 the order of the Court of Common Pleas of Philadelphia, Civil Division, Case No. 4906, March Term, 1973, dated November 10, 1978, awarding Builders Investment Group $63,825.00 deposited with that Court by the Commonwealth as estimated just compensation is affirmed.