561 A.2d 804

**RELIABLE SAVINGS AND LOAN ASSOCIATION OF BRIDGEVILLE, Pa.,**

v.

**Philip H. JOYCE and Patricia D. Joyce, his Wife.**

**Appeal of EQUIBANK.**

Superior Court of Pennsylvania.

Argued Jan. 10, 1989.

Filed July 17, 1989.

James F. Grenen, Pittsburgh, for appellant.

Christopher J. Richardson, Pittsburgh, for Pittsburgh Nat. Bank, Participating Party.

Before ROWLEY, KELLY and HESTER, JJ.

ROWLEY, Judge:

This is an appeal by Equibank, from a final decree of distribution of proceeds from a sheriff's sale awarding the proceeds to appellee, Pittsburgh National Bank (PNB). Both Equibank and PNB had obtained independent judgments against defendants Philip and Patricia Joyce, Equibank's having been obtained first in time. PNB has never commenced any execution proceedings against the Joyces to obtain satisfaction of its judgment. Equibank, on the other hand, was the successful bidder (for costs alone) on property being sold on January 9, 1987, with regard to its judgment against the Joyces. However, before taking legal title to the property on which it successfully bid, Equibank assigned its interest in the property to Clinical Pathology Facility, Inc. (Clinical Pathology) for $125,000. On March 12, 1987, the sheriff's deed conveying the property to Clinical Pathology was recorded. No petition for deficiency judgment has ever been filed by Equibank.

In the present case, Reliable Savings and Loan Association of Bridgeville foreclosed on the mortgage on the home of the Joyces. At issue in the present case is the distribution of the proceeds from the sale of the Joyces' home. The sheriff proposed distribution of the assets of the sale of the property to PNB. Equibank filed exceptions to the proposed schedule of distribution on the basis that its judgment

against the Joyces has priority over PNB's because it was prior in time. The trial court denied the exceptions on the theory, asserted by PNB in its response to Equibank's exceptions, that Equibank's judgment against the Joyces was deemed to be satisfied as a matter of law when the six month period for filing a petition for deficiency judgment under 42 Pa.C.S. § 5522(b) had expired following its successful, January 9, 1987, bid against property of the Joyces, and no petition had been filed. This appeal followed.

■ The primary argument raised by Equibank is that the requirements of the Deficiency Judgment Act, 42 Pa.C.S. § 8103 et seq. are inapplicable to it because the Act applies only to purchasers at a sheriff's sale, and it was not a purchaser but only a successful bidder which, before taking either legal or equitable title to the property, assigned its successful bid to a third party. We agree with the trial court's discussion of and conclusion that *Western Flour Co. v. Alosi,* 216 Pa.Super. 341, 264 A.2d 413 (1970), supports the rule that even a successful bidder at a sheriff's sale who assigns his right to possession of property to a third party must comply with the Deficiency Judgment Act. See trial court opinion p. 9 footnote 9.

■ We do not agree with Equibank's assertion that because of the procedural rules unique to sheriff's sales in Allegheny County, Equibank cannot be labelled the "purchaser" from the moment the sheriff "knocked down" the property like the assignor in *Western Flour* was characterized. Appellant argues that a successful bidder at a sheriff's sale in Allegheny County does not obtain equitable title to the property and therefore does not obtain the right to sell the property until it pays to the sheriff the amount of its bid before the first Monday of the month following the sale. Because Equibank assigned its right to the successful bid to Clinical Pathology without ever paying the amount of its bid to the sheriff's office, and because the sheriff gave Clinical Pathology the deed to the property, Equibank claims that it never had legal or equitable title to the property and therefore cannot be considered the purchaser.

Between the time of Equibank's successful bid (for costs) and the time that it assigned its right to the successful bid (for the sum of $125,000), it was exclusively within the control of Equibank either to pay the amount of its bid and thereafter acquire legal title to the property, or convey the right to the bid as it did in this case, for presumably a much larger sum than its bid, thereby acquiring the full benefit of having technically purchased the property insofar as satisfaction of its judgment against the judgment debtor is concerned without having to take legal title to the property. Because this choice was exclusively within the control of Equibank, we do not find significant the fact that it never paid the sheriff the amount of its bid, but instead assigned to a third party, for value, its right to do so.

On the facts of this case, appellant has acquired, through the assignment of its right to acquire the property upon payment of the costs, the full benefits of a purchaser of property at the sheriff's sale. Thus indirectly, it has in effect purchased the property. Because the Deficiency Judgment Act, by its express terms, is applicable to both direct and indirect purchasers of property in execution proceedings, 42 Pa.C.S. § 8103(a), the Deficiency Judgment Act is applicable in this case.

We also find that contrary to Equibank's assertion, the purpose of the Deficiency Judgment Act, to prevent judgment creditors from executing on numerous pieces of the judgment debtor's property and purchasing them for a nominal price at a forced sale without having the judgment marked satisfied, *Green & Son v. Kimwyd, Inc.*, 410 Pa. 202, 189 A.2d 231 (1963), has been satisfied in this case. Equibank reaped the benefit of the forced sale, in January, 1987, resulting from the execution proceedings which it commenced by bidding on the property for costs only, and immediately transferring the right to pay the bid on the property and thereby acquire legal title to it for the sum of $125,000. It is attempting again in the present case, involving execution proceedings commenced by a party unconnected with this appeal, to acquire more of the judgment debt-

or's assets. Although Equibank states that it is receiving no windfall here because it voluntarily had the amount of its judgment against the Joyces reduced by the $125,000, there is nothing to indicate that the $125,000 which Equibank received for the assignment of its rights to purchase the property was related to the actual fair market value of the property.

■ We find no merit to Equibank's assertion that the Deficiency Judgment Act does not preclude its status as a creditor of the Joyces on the theory that it has never obtained a deed to the property and that the time for petitioning for a deficiency judgment does not begin to run until the purchaser obtains the deed to the property. Since we find that Equibank was an indirect purchaser, the time for filing the petition to establish the deficiency judgment began to run when Equibank's assignee was delivered the deed, March 12, 1987.

■ Equibank also argues that PNB lacked standing to assert Equibank's failure to comply with the Deficiency Judgment Act. However, the Deficiency Judgment Act provides that "any person interested in any real estate which would, except for the provisions of this section, be bound by the judgment," may petition to have the judgment marked satisfied. 42 Pa.C.S. § 8103(d). As another judgment creditor of the Joyces, PNB has an interest in the property of the Joyces involved in this case, and but for the provisions of the Deficiency Act, its lien would remain subordinate to that of Equibank as a result of Equibank's judgment against the Joyces. Therefore, under the Act, it could have petitioned for the judgment to be marked satisfied. Moreover, in *In re Right of Way for Legislative Route*, 48 Pa.Cmwlth. 144, 409 A.2d 923 (1979), although the Court did not *discuss* the question of whether a creditor of the judgment debtor could challenge another judgment creditor's failure to comply with the Deficiency Judgment Act, the Court nevertheless held, upon consideration of the competing claims of first and second mortgagors to a condemnation award for the property subject to the mortgage, that because the first mortgagor had failed to comply

with the Deficiency Judgment Act in prior execution proceedings, there was an irrebuttable presumption that the debt to it was paid in full, and therefore the second mortgagor was entitled to the condemnation award. There is no material distinction between the mortgagors in *In re Right of Way for Legislative Route* and the judgment creditors in the present case.

Finally, Equibank's argument that PNB is barred by laches from objecting to Equibank's failure to comply with the Deficiency Judgment Act because PNB did not assert that Equibank's judgment against the Joyces should be marked satisfied until 15 months after the delivery of the deed to the property is without foundation since the failure of the judgment creditor to proceed under the Deficiency Judgment Act within the statutorily mandated time raises as a matter of law the conclusive presumption that the judgment has been satisfied. *First National Consumer Discount Co. v. Fetherman*, 515 Pa. 85, 527 A.2d 100 (1987). Moreover, appellant has not asserted the nature of the prejudice it has suffered as a result of PNB not having sought earlier to have Equibank's judgment marked satisfied. Equibank has only baldly asserted that it is "certainly prejudiced." (Appellant's brief at 30.)

Final decree affirmed.