**In re Dunbar ABSTON, III, Debtor.**

**Bankruptcy No. 88–02155.
Motion No. 90–2952M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 2, 1990.

Mary Reitmeyer, Pittsburgh, Pa., trustee.

Reed J. Davis and Susan McMarlin Vater, Davis Reilly, P.C., Pittsburgh, Pa., for Butler Consumer Discount Co.

## MEMORANDUM OPINION

JOSEPH L. COSETTI, Chief Judge.

The matter presently before this court is Butler Consumer Discount Company's Motion To Require Trustee To Amend Proposed Distribution Schedule.

The motion is denied.

## I. FACTS

The Debtor filed a petition under Chapter 7 of the Bankruptcy Code on August 15, 1988. At the time of filing, the Debtor was in possession of two motorcycles in which Butler Consumer Discount Company (hereinafter "Butler") had a perfected security interest. Mary Reitmeyer was appointed trustee on August 18, 1988 and May 29, 1989 was scheduled as the last day to file claims.

On November 17, 1988, this court ordered the trustee to abandon the motorcycles because the total amount due Butler was in excess of the fair market value. After the abandonment, Butler repossessed the motorcycles and sold them.

The trustee filed the Final Account and Proposed Distribution of the Property on February 1, 1990. Twenty-four notices were sent out by the court which stated that the last day to file objections to the proposed distribution was March 9, 1990. Butler alleges it did not receive this notice until March 15, 1990. On April 9, 1990 a hearing was held on the Trustee's Final Account and Proposed Distribution. Butler appeared at the hearing and objected to the distribution of the estate property. Butler filed amended Proofs of Claim on April 10, 1990 for the deficiency created by the sale of the motorcycles.

## II. ANALYSIS

This court ordered the trustee to abandon the motorcycles on November 17, 1988. Butler repossessed the vehicles and accordingly sold them. The court was not notified of the date of the sale, to whom they were sold, the exact amount at which they were sold, or that a deficiency would be sought.

The last day to file claims was set for May 29, 1989. This allowed for a period of approximately six months for Butler to file a claim for any deficiency between the debt owed and the sale price. Section 5522(b)(2) of the Pennsylvania statutes requires that petitions "for the establishment of a deficiency judgment following sale of the collateral" must be commenced within six months. 42 Pa.C.S.A. § 5522(b)(2). "[F]ai-

lure of the judgment creditor to proceed under the Deficiency Judgment Act within the statutorily mandated time raises as a matter of law the conclusive presumption that the judgment has been satisfied." *Reliable Sav. and Loan v. Joyce,* 385 Pa.Super. 536, 561 A.2d 804, 807 (1989). Butler did not proceed in Common Pleas or in Bankruptcy Court on their deficiency claim. A single deficiency claim filed in the Bankruptcy Court would have alerted the Debtor and the trustee of this claim. The original claim was filed as a secured claim. Butler had approximately five months to amend their secured claim to allow for the deficiency. By not taking any action Butler's claim is deemed satisfied.

Therefore, Butler was required to file this claim on or before May 29, 1989. Butler made no mention of any deficiency until April 9, 1990, which is approximately a year and a half later. Butler's deficiency claim is untimely.