CORRINE MACY, Sometimes Known as CORRINE MACIEJEWSKI, Respondent, *v.* HAROLD KOTTA, as Receiver of the FIRST NATIONAL BANK OF BROCKPORT, NEW YORK, Appellant.

Fourth Department, November 5, 1937.

*Abbott, Rippey & Hutchens* [*Harold G. Hutchens* of counsel], for the appellant.

*John J. Mahoney*, for the respondent.

CUNNINGHAM, J. In 1930 the plaintiff gave a bond and mortgage to the First National Bank of Brockport, N. Y., in the amount of $21,500, to be paid $2,000 of the principal on January 1, 1931, and $1,000 on the first day of January of each year thereafter until the principal sum was paid in full, together with interest payable semi-annually.

At the same time the plaintiff gave a chattel mortgage to the bank on certain stock and farm tools. The chattel mortgage recites that the plaintiff was indebted to the bank in the sum of $6,000, " being for additional security for the payment of a real estate mortgage this day given " to the bank. The $6,000 was to be payable $2,000 on January 1, 1931, and $1,000 on the first day of January of each year thereafter until paid. The chattel mortgage contained the following clause: " It is understood and agreed that the above payments when paid shall be credited as payments upon the said real estate mortgage and that when the principal sum of said real estate mortgage shall have been reduced to the sum of $15,500 that the chattel mortgage shall be discharged which said sum and interest the said [plaintiff] hereby agrees to pay."

The plaintiff paid $2,000 upon the indebtedness, thus reducing the principal sum thereof to the sum of $19,500.

Buildings upon the mortgaged lands were damaged or destroyed by fires occurring at two different times. The real estate mortgage contained the standard insurance clause and the insurance company paid the losses, and the amount thereof was received by the defendant and applied in reduction of the sums due upon the real estate mortgage, and such principal sum was thereby reduced below $15,500 in amount.

The plaintiff claims that thereby the chattel mortgage was discharged and that the defendant was guilty of conversion in seizing and selling under the chattel mortgage the goods described therein.

The defendant was entitled to receive the insurance money without the assent of the plaintiff, the owner of the property. (*Savarese* v. *Ohio Farmers Ins. Co.*, 260 N. Y. 45, 51.)

While the insurance money reduced the amount due upon the mortgage, the value of the mortgaged lands was reduced in like amount and the position of the parties was relatively the same after as before the fires. (*Savarese* v. *Ohio Farmers Ins. Co., supra,* p. 53.)

It would be unjust to hold that the goods given as " *additional security* " were released because a payment had been made upon the principal of the real estate mortgage by applying thereon a portion of the value of the mortgaged real estate.

The instrument given for the purpose of furnishing additional security should not be construed so as to permit the value of the primary security to be reduced and at the same time to allow the goods given as additional security to be released.

The chattel mortgage provides for the payment by plaintiff of the sum of $6,000 in yearly installments, and then further that the " *above payments* " shall be credited upon the principal of the real estate mortgage. The same clause of the chattel mortgage then contains the provision that when the principal of the real estate mortgage has been reduced to the sum of $15,500, the chattel mortgage shall be discharged. How was the principal to be reduced? Of course it was by the " above payments " to be made by the plaintiff. That clearly is the intention of the parties as expressed in the instrument.

The reduction of the principal of the real estate mortgage by the application thereon of the fire insurance moneys did not operate to discharge the chattel mortgage, and the defendant had the right to sell under the chattel mortgage the goods pledged therein.

The judgment should be reversed upon the law, with costs, and the complaint dismissed, with costs.

All concur. Present — SEARS, P. J., EDGCOMB, CROSBY, LEWIS and CUNNINGHAM, JJ.

Judgment reversed on the law, with costs, and complaint dismissed, with costs.