## MATTERN v. SAGE.

*(Common Pleas of New York City and County, General Term.    April 7, 1890.)*

SET-OFF AND COUNTER-CLAIM—COLLATERAL SECURITY.

Where a stockbroker, who has been holding stock on a customer's account for several years, as partial security for a debt, is sued by the customer on that and other transactions, he is not obliged to realize on the stock before counter-claiming for the whole amount of the indebtedness existing at the time.

Appeal from judgment on report of referee.

Action by Sophia L. Mattern against Russell Sage for an accounting of purchases and sales of stock made by the latter on plaintiff's account, and to recover damages for the sale of a bond, and for an unauthorized purchase of stock, and an alleged neglect to sell stock.    Defendant counter-claimed for a balance due him, as shown by his account with plaintiff.    Plaintiff and defendant were the only witnesses, and their evidence was contradictory.    The referee dismissed the complaint, and found for defendant on his counter-claim. Plaintiff appeals.    For former report, see 3 N. Y. Supp. 120.

Argued before LARREMORE, C. J., and BISCHOFF, J.

*T. F. Neville, (Ira Shafer,* of counsel,) for appellant.    *Henry S. Bennett,* for respondent.

LARREMORE, C. J.    The main controversy in this action was on the facts. There was a direct conflict of evidence between the parties upon all the material facts, but as defendant was corroborated in so many important points by plaintiff's own letters, we do not see how the learned referee could have reached any other conclusions than those embodied in his report.    The defendant was not legally obligated to sell and realize upon the stock he holds as partial security for the debt before counter-claiming and demanding judgment for the whole amount.    Defendant claims, and the referee has found, that defendant has been holding this stock for plaintiff's account for several

years, and plaintiff has never directed a sale thereof. Because a broker has the right to sell stock out at any time to protect himself, it does not follow that he is obliged to follow this course if he chooses to take the risk of his principal's eventually making good any loss that may occur. See *Bank* v. *Wood,* 71 N. Y. 409. In the case at bar it appears that the stock has been held for such long period with full knowledge and by mutual arrangement of the parties, presumably in the expectation of a rise. It is therefore equitable, as well as legally justifiable, that, when the broker is sued by his principal on account of this and other transactions, he should be allowed to counter-claim whatever indebtedness exists at the time, without, in default of a direct order, being obliged to depart from the former arrangement. The judgment appealed from should be affirmed, with costs.