WILLIAM LANG and Another, Plaintiffs, *v.* NEW YORK JOINT STOCK LAND BANK OF ROCHESTER, Defendant.

Supreme Court, Niagara County, June 11, 1935.

*George W. Riley*, for the plaintiffs.

*Fogle, Bedenkapp & Andrews* [*J. Wesley Andrews* of counsel], for the defendant.

HARRIS, J.   On June 25, 1923, the plaintiffs gave their bond to the defendant to secure the sum of $10,000, and at the same time as security for such bond plaintiffs executed and delivered to

the defendant a mortgage on certain real estate. On December 31, 1931, the plaintiffs were in default on such indebtedness to the extent of seventeen days, and thereupon, to prevent the foreclosure of the mortgage, the plaintiffs gave to the defendant further security in the shape of a chattel mortgage on various farm stock and farm implements belonging to the plaintiffs. In December, 1933, the defendant instituted foreclosure proceedings on the mortgage covering the real property, and judgment of foreclosure and sale was granted thereon and entered on the 19th day of February, 1934. Pursuant to such judgment of foreclosure there was a sale of the premises which were purchased by the defendant for the sum of $1,000. No motion was made pursuant to section 1083-a of the Civil Practice Act for a deficiency judgment. The defendant later served notice of a proposed sale of the chattels covered by the aforementioned chattel mortgage, and by this action the plaintiffs sue for judgment restraining the defendant from holding such sale of the chattels and for a decree that the said chattel mortgage is void. The plaintiffs contend that by virtue of the provisions of section 1083-a of the Civil Practice Act, and the failure of the defendant to move for a deficiency judgment on the sale of the real property originally given as security for the bond, the mortgage debt as represented by such bond has been fully satisfied from the proceeds of the sale of the mortgaged real property on such decree of foreclosure.

Section 1083-a of the Civil Practice Act, as in force at the time of the decree of foreclosure and at the time of sale and until May 14, 1934, provided in part as follows: " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist."

By amendment in effect May 14, 1934, the last sentence of such section read as follows: " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency judgment in any action or proceeding shall exist." (Laws of 1934, chap. 562.)

By amendment in effect May 12, 1934, this last sentence was made to read as follows: " the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." (Laws of 1934, chap. 564.)

By the enactment of section 1083-a, both in the original and as amended, the Legislature took away the right to a deficiency

judgment on foreclosure and sale except if such deficiency was claimed by means of a motion as provided for in such section. A person desiring to establish that there was a deficiency on sale and to collect the same was compelled to comply with the provisions of such section 1083-a. In my opinion, when a creditor fails to move for the establishment of a deficiency judgment, such creditor concedes that the indebtedness was paid in full by the proceeds of the sale and, therefore, he would be estopped from claiming that any part of the indebtedness existed. This leads me to the conclusion that at the time of the endeavor to sell the chattels covered by the chattel mortgage the indebtedness had been satisfied, and by reason of this the security of the chattel mortgage failed to be of any value to the defendant herein. I am granting judgment for the plaintiffs restraining any procedure to enforce the chattel mortgage and declaring such chattel mortgage void.