GEORGE J. KRESS, Appellant, *v.* CENTRAL TRUST COMPANY, ROCHESTER, N. Y., Respondent.*

Fourth Department, November 13, 1935.

* Affg. 153 Misc. 397.

*Edward C. Edelman,* for the appellant.

*Van Schaick, Woods & Warner* [*Nelson Warner* of counsel], for the respondent.

SEARS, P. J.   The plaintiff's motion for summary judgment has been denied and defendant's motion for judgment on the pleadings granted and judgment dismissing the complaint entered.   From the pleadings the following undisputed facts appear: The defendant bank on the 5th day of September, 1924, lent Jose Levy and Sadie Levy $9,000 and took their bond and mortgage therefor. The mortgage covered property in the city of Rochester at 36–38 Carthage road.   In July, 1929, after a transfer of the mortgaged property from the mortgagors to a third party and a retransfer to the mortgagors, Jose Levy conveyed the property covered by the mortgage to Sadie Levy who assumed the payment of the mortgage. On the 15th day of July, 1929, Sadie Levy conveyed the premises covered by the mortgage to the plaintiff who assumed the payment thereof.   On February 7, 1934, the obligors of the mortgage debt were in default upon their obligation in respect to $8,900 of principal which became due September 5, 1925, and as to $267 of interest which became due on the 1st day of January, 1934.   On February 7, 1934, the plaintiff had on deposit with the defendant in an interest account a sum in excess of $12,500.   The plaintiff had opened his account with the defendant before the bond and mortgage came into existence, and on September 5, 1924, at the date of the execution by the Levys of the bond and mortgage, there was a balance in the account to the credit of the plaintiff of $873.32. On July 15, 1929, when the plaintiff assumed the payment of the bond and mortgage, the balance to the plaintiff's credit with the defendant was $13,209.45, and on the 1st day of January, 1934, his balance with the defendant was $12,528.13.   On February seventh the defendant alleges that it set off $8,900 of principal and $267 of interest then due on the mortgage against a corresponding amount of his deposit, and tendered to the plaintiff a discharge of the bond and mortgage.   The plaintiff rejected the tender and withdrew the balance of his bank account and on the 14th day of February, 1934, demanded payment of $8,900, the amount which, as stated, the defendant had charged against the plaintiff's credit balance to pay the principal of the bond and mortgage. The defendant refused to honor the demand and this action was then brought to recover $8,900.   In reviewing the judgment and

order before us on this appeal, it must also be accepted as a fact (as alleged in plaintiff's reply) that the mortgaged premises were at all times of a fair and reasonable market value of $9,500.

The deposit of money with a bank creates the relation of debtor and creditor between the bank and the depositor. The relation between the maker of a bond secured by a mortgage and the owner of the bond and mortgage is also that of debtor and creditor. In the absence of a statute to the contrary an action may be brought upon a bond secured by a mortgage without reference to the mortgage. (*General Investment Co.* v. *Interborough R. T. Co.*, 200 App. Div. 794; affd., 235 N. Y. 133.) A grantee of mortgaged property from the mortgagor who assumes the payment of the mortgage debt becomes by such assumption the principal debtor as between grantor and grantee and the mortgagee may treat him as such. (*Cashman* v. *Henry*, 75 N. Y. 103; *Burr* v. *Beers*, 24 id. 178.) The same is true when the grantor is not the mortgagor but one who has himself assumed the payment of the mortgage debt. Here there was an indebtedness secured by mortgage owing from the plaintiff to the defendant on February 7, 1934. Where there are open mutual accounts between a bank and a depositor, the bank may set off matured claims of the bank against the deposit. (*Meyers* v. *New York County Nat. Bank*, 36 App. Div. 482.) This is so even though one of the mutual claims is secured. (*Mattern* v. *Sage*, 16 Daly, 142; affd., 134 N. Y. 617; *New York Title & Mortgage Co.* v. *Irving Trust Co.*, 241 App. Div. 246. See, also, *Gerseta Corp.* v. *Equitable Trust Co.*, 241 N. Y. 418, on the general subject of set-off.) This must be so as long as we recognize a right in the creditor to sue for the full amount of a secured claim, such as a bond given with a mortgage. (*Schenectady Savings Bank* v. *Ashton*, 205 App. Div. 781.) (See Civ. Prac. Act, § 1077.) Massachusetts decisions seem to be contra. (*Furber* v. *Dane*, 203 Mass. 108; 89 N. E. 227; *Prudential Realty Co.* v. *Commissioner of Banks*, 241 Mass. 277; 135 N. E. 221.) The conclusion follows that the bank was within its rights in claiming the set-off, and in interposing its defense to this action, unless the emergency statutes for the protection and relief of mortgagors changed the situation. (Laws of 1933, chaps. 793 and 794, and amendments thereto.) One section of the emergency statutes (Civ. Prac. Act, § 1077-b) provides in substance that during the emergency period, which is declared by the act (Civ. Prac. Act, § 1077-g), no action shall be maintainable or judgment be entered upon any loan, indebtedness, bond, etc., secured by a mortgage contracted for simultaneously with the debt and secured solely by the mortgage so long as no action or proceeding shall be maintainable to foreclose the mortgage.

Another section (Civ. Prac. Act, § 1077-a) provides that during the emergency period no action or proceeding for the foreclosure of a mortgage upon real estate shall be maintainable solely for, or in default of, the payment of principal secured by the mortgage or for default in the payment of an installment or amortization of principal secured by the mortgage. Although an action for the interest would have been maintainable by the defendant in this case against the plaintiff (*Johnson* v. *Meyer*, 242 App. Div. 798; affd., 268 N. Y. 701), there may be a question as to whether when both principal and interest are in default, an action to foreclose the mortgage so as to realize upon the security for the entire indebtedness, or to bring suit to recover the principal of the indebtedness, is allowable, particularly where the mortgagee has a matured counter account sufficient to satisfy the matured interest. But if we assume that it is allowable, such a suit upon the bond or the recovery of a deficiency judgment upon the bond in a mortgage foreclosure action is limited by the provisions of sections 1083-a and 1083-b of the Civil Practice Act. An action upon the bond is subject to a set-off of the fair and reasonable market value of the mortgaged property. These provisions of the emergency statutes would undoubtedly be applicable to the obligation of the plaintiff if the defendant were bringing an action upon the plaintiff's obligation arising from the assumption of the mortgage debt, but the provisions did not cancel the indebtedness of the plaintiff or change the jural relations of the parties. They merely suspended for the period of the emergency certain remedies which the mortgagee would otherwise have enjoyed. After the enactment of the emergency statutes the plaintiff owed the amount of the bond, payment of which had been assumed by him, to the same extent that he owed it before the passage of the act, and he could claim no immunity by virtue of the statutes except in relation to having an action brought against him to recover on the mortgage indebtedness (or to foreclose the mortgage) or to having judgment rendered against him in an action on the bond for a greater amount than the difference between the amount due on the bond and the fair and reasonable market value of the mortgaged property. No action, however, has been brought against the plaintiff and, therefore, the emergency statutes are of no avail to him. The defendant in its answer alleges a set-off of mutual debts as an affirmative defense. The principle upon which the New York rule of set-off rests is that in case of mutual debts it is only the balance which is the real or just sum owing. (*Gerseta Corp.* v. *Equitable Trust Co.*, *supra*, p. 424; *Long Beach Trust Co.* v. *Warshaw*, 264 N. Y. 331.) The defendant's answer embodies a

true affirmative defense and not even a counterclaim, and an affirmative defense is certainly not an action within the meaning of the emergency statutes. Even if the affirmative defense should be construed to be a counterclaim, such a counterclaim would not be an action. (*Taylor* v. *Mayer, etc., of City of New York*, 82 N. Y. 10; *New York Title & Mortgage Co.* v. *Irving Trust Co.*, *supra.*) The conclusion follows that the emergency statutes for the relief of mortgagors have no application to this case and that the defendant was justified in setting off mutually matured debts.

The order and judgment should be affirmed, with costs.

All concur. Present — SEARS, P. J., TAYLOR, THOMPSON, CROSBY and LEWIS, JJ.

Judgment and order affirmed, with costs.