JOHN WESTERBEKE and WILLIAM RUDOLPH, Appellants, v. BANK OF HUNTINGTON AND TRUST COMPANY and ARTHUR H. TURNER, Respondents.— On the court's own motion the decision of this court handed down on April 24, 1936 [247 App. Div. 915], is hereby amended to read as follows: Defendant Turner and his wife (not a

party to this action) executed and delivered to plaintiffs their bond for $12,000, secured by a second mortgage dated September 10, 1930, covering premises situated in Suffolk county. On June 5, 1933, by written agreement, the term of the mortgage, then reduced to $10,000, was extended to March 10, 1936. On the same day the parties executed an escrow agreement whereby Turner deposited with defendant bank as escrow agent certain shares of stock as additional security for the payment of the debt. The agreement also provided that in the event of a default in the terms of the bond and mortgage or extension agreement plaintiffs " will proceed in foreclosure of said mortgage and upon the termination of said proceeding by the sale of the premises covered by said mortgage the Escrow Agent shall sell the stock of the Bitulithic Company which is deposited with it, or so much thereof as shall be necessary for the purpose of satisfying any deficiency thereunder," upon notice provided therein. Defendant Turner defaulted and plaintiffs foreclosed the mortgage. Pursuant to the judgment of foreclosure the property was sold to a third party for $100, subject to a first mortgage of $15,000. The referee's report showed a deficiency of $11,516.43. No motion was made pursuant to section 1083-a of the Civil Practice Act for a deficiency judgment. Plaintiffs, upon proper notice, demanded that the defendant bank sell the stock in accordance with the terms of the escrow agreement. Upon the bank's refusal to do so plaintiffs commenced the present action to compel the sale of the stock as provided in the escrow agreement, or in lieu thereof, they have judgment for the amount of the deficiency. Defendants contend that by virtue of section 1083-a and the failure of the plaintiffs to move for a deficiency judgment the mortgage debt has been fully satisfied from the proceeds of the sale of the real property and, therefore, the action may not be maintained. In our opinion section 1083-a has no application. Plaintiffs are not seeking a deficiency judgment or a personal judgment against Turner. They are merely resorting to the additional security which, under the express terms of the escrow agreement, was to be available for the payment of the debt in the event of a deficiency upon the sale of the premises in the foreclosure action. Order denying plaintiffs' motion and granting defendant Turner's motion for judgment on the pleadings reversed on the law, with ten dollars costs and disbursements to appellants against respondent Turner, and defendant Turner's motion denied and plaintiffs' motion granted, with ten dollars costs against defendant Turner. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.