PETER AMAZON, Plaintiff, *v.* EAST NEW YORK SAVINGS BANK, Defendant.

Supreme Court, Trial Term, Kings County, May 9, 1938.

*Max Ehrlich*, for the plaintiff.

*John P. McGrath* and *John J. Buckley*, for the defendant.

STODDART, J.   This action was brought to recover the sum of $1,500 which plaintiff had deposited in defendant's bank and which had been assigned by plaintiff to defendant pursuant to an agreement dated August 14, 1931.   Prior to the date of the execution of this agreement the premises at 886 Linden boulevard, Brooklyn, N. Y., were owned by Mae Feinstein.   These premises were incumbered by a first mortgage in the sum of $10,500 then held by the Marshall Mortgage Corporation.   The plaintiff, to protect his interest as a second mortgagee, had the property deeded on or about June 29, 1931, to his nominee, Katie Gigl.   Subsequently, and on July 7, 1931, the plaintiff made application to the defendant bank to take over by assignment the bond and mortgage then held by Marshall Mortgage Corporation and to extend the time for payment thereof.   The defendant refused, it being unwilling to make a loan of more than $9,000 on the premises.   The plaintiff then agreed that if defendant would take over the mortgage in the full amount of $10,500, that plaintiff would deposit with defendant as additional security the difference between the face amount of the mortgage and $9,000, or $1,500.   The bank consented, and the aforementioned agreement of August 14, 1931, was executed.   By this agreement plaintiff assigned all his " right, title and interest in and to the said account as well as the said passbook with the said The East New York Savings Bank as evidenced by my bank book No. 157051 in my name to the extent of One thousand five hundred ($1,500) Dollars, same to be held by the said Bank as additional security for a first mortgage loan made on this date by said Bank to Katie Gigl upon her premises * * * until such time as the aforementioned first mortgage of Ten thousand five hundred ($10,500) Dollars now held by the said The East New York Savings Bank upon the aforementioned premises shall have been reduced to the principal sum of Nine thousand ($9,000) Dollars."   On the same day that this agreement was executed the aforementioned bond and mortgage was assigned to the defendant and an agreement was entered into between Katie Gigl, the plaintiff and defendant, whereby the time for the payment of the $10,500 was extended to October 1, 1934, and the said Katie Gigl and plaintiff agreed to pay the said sum of $10,500 as provided in the bond and mortgage.

Thereafter, due to non-payment of taxes and interest, the principal sum became due and payable, and the defendant commenced foreclosure proceedings. The defendant applied the $1,500 which plaintiff had deposited with it, plus accrued interest thereon, to the principal amount owed the bank upon the bond and mortgage. The premises were sold under judgment of foreclosure to the defendant. The defendant did not apply for a deficiency judgment in the foreclosure action and his time to do so has long since expired. The plaintiff urges that defendant's failure to apply for a deficiency judgment defeats its right to his deposit. This presents the only issue for determination, namely, was it necessary for defendant to apply for a deficiency judgment before it applied plaintiff's deposit to the amount owed?

Plaintiff urges that if the defendant had so applied he would have proceeded under section 1083-a of the Civil Practice Act and offered proof to the effect that the fair and reasonable market value of the premises was equal to or even greater than the original amount of the mortgage debt. I cannot agree with plaintiff's contention. The defendant refused to make a loan on these premises beyond the $9,000, and to make up the difference plaintiff supplied the $1,500, assigning all his interest in the same to defendant until the principal sum of the bond and mortgage had been reduced to $9,000. There was no ambiguity as to the purpose and intent of the agreement with regard to the deposit. The defendant did not believe the premises warranted more than a $9,000 loan. It had a right to its belief in this respect. Plaintiff, in effect, urges that he can defeat the intent of this agreement by permitting him to show that the value of the premises equalled or exceeded $10,500. Plaintiff agreed that he would receive the amount of the deposit only if the mortgage debt was reduced to $9,000. This, of course, was not done. The Emergency Moratorium Laws, in my opinion, do not afford plaintiff protection under the facts of this case.

In *Westerbeke* v. *Bank of Huntington & Trust Co.* (247 App. Div. 915; affd., 272 N. Y. 593) the court held it was unnecessary to apply for a deficiency judgment where stock was deposited as additional security for the payment of the debt. In that case the agreement went one step further than in the present case by providing what steps should be taken if there was a default. Even though the agreement in the present case is silent in that respect, nevertheless I think the defendant did all that was required of it. Judgment for defendant dismissing the complaint.