In the Matter of the Application of ELNORA BAKER to Compel WILLIAM L. WILLIAMS, Surviving Executor of the Last Will and Testament of WILLIAM A. WILLIAMS, Deceased, to Pay a Legacy. W. COURTLAND CASE, Appellant; ELNORA BAKER, Petitioner, Respondent.

Second Department, January 29, 1940.

*Frank J. McMann,* for the appellant.

*Isidore Scheinberg,* for the respondent.

PER CURIAM. The last will and testament of William A. Williams provided for a legacy of $1,000 to his daughter, Elnora Baker. The appellant held three bonds and mortgages on premises owned by Elnora Baker and her husband, the interest on which was in arrears. As additional security for payment of the said bonds Mrs. Baker assigned to appellant the above-mentioned legacy. In the proceeding which resulted in the decree appealed from the petitioner sought an order directing the respondent Williams, as executor, etc., to pay to her the said legacy, while the appellant opposed such payment, setting up the assignment theretofore made to him by petitioner.

The case upon which the appellant relies, *Westerbeke* v. *Bank of Huntington & Trust Co.* (247 App. Div. 915; affd., 272 N. Y. 593), is to be distinguished in two particulars:

(a) The agreement under which the additional collateral was deposited in that case was made before the enactment of the mortgage moratorium laws. (Laws of 1933, chaps. 793, 794.) The parties, therefore, contracted with reference to what was then generally accepted as constituting a deficiency in a foreclosure action, to wit, the amount contained in the referee's report of sale. In the case at bar the parties contracted in reference to the additional security on January 23, 1934, after the enactment of the mortgage moratorium laws (*supra*) and presumably with reference thereto. Under the then existing section 1083-a of the Civil Practice Act a deficiency did not come into being unless and until a motion for a deficiency judgment was made. A distinction arose between a nominal deficiency appearing in a referee's report upon the sale and an actual deficiency which could only have existence following the granting of a motion under section 1083-a. They further contracted with the provision in mind that in the event such a motion was not made the proceeds of the sale were to be deemed full satisfaction of the mortgage debt, and the further provision that " no right to recover any deficiency in any action or proceeding shall exist " in the event a motion therefor was not made. The parties, therefore, having contracted with reference to an actual deficiency as distinguished from a nominal deficiency, the right to have recourse to the additional security did not arise unless and until a deficiency judgment was procured pursuant to section 1083-a.

(b) This distinction is reinforced by the fact that in the *Westerbeke* case (*supra*) there were specific provisions respecting when and how recourse might be had to the additional security, while in the case at bar there is no such specific engagement. In the *Westerbeke* case (p. 916) the language of the agreement was construed to mean that recourse could be had " in the event of a deficiency upon the sale of the premises in the foreclosure action." There is no language in the agreement in the case at bar which necessitates a holding that recourse to the additional collateral could be had at that stage of the litigation with reference to the original security. Such a view gives effect to the public policy expressed in section 1077-d of the Civil Practice Act. If a different view were taken it might well be that appellant would be obtaining more than payment in full in the event that the true value under section 1083-a of the Civil Practice Act of the property bought in by him was equal to or in excess of the amount of the mortgage foreclosed.

The decree of the Surrogate's Court of Suffolk county granting the petition of Elnora Baker and requiring the executor of decedent's estate to pay over to her a $1,000 legacy, and denying the

appellant's petition to pay said legacy to him under an assignment thereof should be affirmed, with costs to petitioner-respondent, payable by the appellant.

Present — LAZANSKY, P. J., CARSWELL, JOHNSTON, ADEL and CLOSE, JJ.

Decree of the Surrogate's Court of Suffolk county granting the petition of Elnora Baker and requiring the executor of decedent's estate to pay over to her a $1,000 legacy, and denying the appellant's petition to pay said legacy to him under an assignment thereof, unanimously affirmed, with costs to the petitioner-respondent, payable by appellant.