LENORA B. ROSSBACH and Others, as Trustees under the Last Will and Testament of LEOPOLD ROSSBACH, Deceased, on Behalf of Themselves and All Other Judgment Creditors of AURORA HOLDING CORPORATION Similarly Situated, Respondents, *v.* MARION V. ROSENBLUM, Individually and as Administratrix C. T. A. of the Estate of ABRAHAM ROSENBLUM, Appellant.

First Department, June 19, 1940.

*Leonard Belford* of counsel [*Nichols & Belford*, attorneys], for the appellant.

*Lionel S. Popkin* of counsel [*Mortimer H. Hess* with him on the brief; *Hess, Mela & Popkin*, attorneys], for the respondents.

CALLAHAN, J. The action is one by judgment creditors of a corporation known as Aurora Holding Corporation. It was brought pursuant to sections 60 and 61 of the General Corporation Law, to recover from the directors of Aurora for the alleged waste of that corporation's assets.

The defendant contends that the plaintiffs' judgment against the corporation has been fully satisfied, and, therefore, plaintiffs may not maintain this action against the directors.

A recital of the facts and of the legal proceedings already had is necessary. Plaintiffs heretofore sued to foreclose a mortgage given by Aurora Holding Corporation on certain property in New York city and for other relief. The complaint in said action contained three causes of action: the first for foreclosure, the second to recover a money judgment for an installment of taxes for the first half of the year 1937, and the third to recover a like judgment for an installment of interest due on April 1, 1937. This court (*Rossbach* v. *Aurora Holding Corporation*, 252 App. Div. 842) directed summary judgment for $2,347.74 on the second and third causes of action, and permitted plaintiffs to proceed on the first cause of action for foreclosure. Plaintiffs thereafter obtained a judgment in foreclosure, in which judgment the amount due under the mortgage

was computed so as to include the items for the first half of the 1937 taxes, and the interest due April 1, 1937, previously included in the money judgment.

The judgment of foreclosure directed the sale of the mortgaged property to satisfy the total amount of the mortgage debt, including the items of taxes and interest above indicated. Plaintiffs bid in the property for a sum which was approximately $3,000 less than the total amount found due. Plaintiffs made no application for a deficiency judgment, but took a deed to the foreclosed property. Being unable to collect their money judgment against the Aurora Holding Corporation, and having learned in supplementary proceedings that the original defendants as directors of Aurora had allegedly transferred certain of that corporation's assets, plaintiffs brought the present judgment creditors' action in which they have recovered against the directors a sum represented by the money judgment against Aurora.

The only point raised on this appeal is that the receipt of the deed of the property foreclosed and the failure to apply for a deficiency judgment amounted in law to a satisfaction of the money judgment, which was the basis of the judgment creditors' action.

We think that said money judgment must be deemed to have been satisfied because of the provisions of section 1083-a of the Civil Practice Act. That section, as it existed in 1937, provided: " Such deficiency judgment shall be for an amount equal to the sum of the amount owing by the party liable as determined by the judgment with interest, plus the amount owing on all prior liens and encumbrances with interest, plus costs and disbursements of the action including the referee's fee and disbursements, less the market value as determined by the court or the sale price of the property whichever shall be the higher. If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist. * * *."

We think that the money judgment heretofore obtained herein, representing as it does the installments of taxes and interest for 1937, for which foreclosure was subsequently had, must be deemed to be a part of the " mortgage debt " as that term is used in the above-quoted statute. The sums referred to were computed as part of that debt.

When we held on the prior appeal that plaintiffs might recover separate judgments at law for the taxes and interest, without offsetting the value of the mortgaged premises (citing *Johnson* v. *Meyer*, 268 N. Y. 701, and *Rochester Trust & Safe Deposit Co.* v.

*Hatch,* 273 id. 507), we did not indicate that plaintiffs might obtain satisfaction for the taxes and interest in the foreclosure action, as well as by means of the money judgment. After obtaining the money judgment, plaintiffs had the right to proceed to obtain relief by foreclosure and sale. They might have entered judgment of foreclosure for the full amount due under the mortgage, or given credit for the money judgment obtained. In either event they would be required to comply with the provisions of section 1083-a of the Civil Practice Act, in order to get a deficiency judgment. That section required the application for deficiency judgment to be made within ninety days, and that such a judgment should be allowed only for the sum due under the mortgage, plus all prior liens, costs and disbursements, less the market value of the real property determined by the court.

The plaintiffs' present procedure would circumvent the requirement for limiting the amount of any deficiency judgment to the difference between the amount due and the value of the property. It would likewise defeat the provision of law that, where no motion for a deficiency judgment was made, the proceeds of the sale shall be deemed to be in full satisfaction of the mortgage debt.

Having failed to enter a deficiency judgment, the statute requires that the proceeds of the sale shall be deemed full satisfaction of the mortgage debt. Therefore, the money judgment must be deemed to have been satisfied by reason of the receipt of the proceeds of the sale. Plaintiffs, having taken the property in foreclosure, can obtain no further relief for any part of the mortgage debt, because they failed to obtain a deficiency judgment.

Where two judgments have been obtained for the same cause, the payment or satisfaction of one operates to satisfy the other. (*Matter of James,* 248 N. Y. 1.)

We think the situation here is the same as if the amount of the bid upon the foreclosure sale had been sufficient to meet the entire mortgage debt. Clearly, under such circumstances, the money judgment for taxes and interest would be deemed satisfied, where said items were included in the amount found due as part of the mortgage debt.

The present case is distinguishable from the case of *Westerbeke* v. *Bank of Huntington & Trust Co.* (247 App. Div. 915; affd., 272 N. Y. 593). There two kinds of collateral were given to secure a loan. In addition to a mortgage there had been deposited in escrow certain personal property as further security. Despite the failure to enter a deficiency judgment upon the foreclosure of the real property mortgage, the creditor was permitted to resort to the personal property held as additional collateral. It was held that section

1083-a of the Civil Practice Act did not bar plaintiffs from using both classes of collateral, for plaintiffs were not seeking a personal judgment against the mortgagor. Here an additional personal judgment has been procured against the mortgagor, which judgment is made the basis for the present action against the directors of the mortgagor.

The power of the Legislature to declare that a debt shall be deemed satisfied, though in fact the debt has not been paid or satisfied in accordance with the instrument which created it, would seem to exist where it is necessary to carry out the provisions of law enacted to meet conditions which constitute an imminent danger to the public welfare. (*Honeyman* v. *Hanan*, 275 N. Y. 382, 395.)

To permit further recovery, under the present circumstances, would circumvent the moratorium laws which were enacted for the purpose of protecting the public welfare.

Exhibits A, A1 and B, consisting of the record of the proceedings in the former action, though excluded from evidence upon the present trial, are documents which are part of the records of this court, and we take judicial notice that the documents are correctly set forth in such exhibits for identification. Under the circumstances, we see no necessity for ordering a new trial, and direct that judgment be entered for defendant, dismissing the complaint on the merits.

The judgment should be reversed, with costs, and judgment directed for defendant, with costs.

MARTIN, P. J., GLENNON, UNTERMYER and COHN, JJ., concur.

Judgment unanimously reversed, with costs, and judgment directed for the defendant, with costs. Settle order on notice, reversing findings inconsistent with this determination, and containing such new findings of fact proved upon the trial as are necessary to sustain the judgment hereby awarded.