BERNARD A. STOCK and Others, as Trustees under a Declaration of Trust Dated December 19, 1935, in Series 7094 of WESTCHESTER TITLE AND TRUST COMPANY, Appellants, v. KENNY-NEWELL COMPANY, INC., Respondent; THE PEOPLE OF THE STATE OF NEW YORK, Defendant.— Action to impress a lien on respondent's real property because of payment of taxes thereon under a mistake of fact by the appellants. Judgment in favor of respondent reversed on the law, with costs, and judgment as prayed for in the complaint directed in favor of appellants, with costs. Findings and conclusions reversed. Plaintiffs' proposed findings and conclusions adopted and approved. The contract of assignment of rents between the parties did not contemplate that appellants should pay taxes on property not covered by the mortgage. The acceptance of the referee's deed constituted a full satisfaction of the mortgage debt, but the recovery here is for charges that were never a part of the mortgage debt, being the amount of taxes paid under a mistake of fact on land not covered by the mortgage, but owned by the respondent. Section 1083-a of the Civil Practice Act has no application to the facts. This is not an action against the obligors on the bond, and it does not concern a sum of money that was never a part of the mortgage debt. No deficiency judgment was ever sought against any one. The respondent is a stranger to the bond and the land on which the taxes were erroneously paid is not a part of the mortgaged premises. For these reasons the cases cited by the respondent, *Rossbach* v. *Rosenblum* (260 App. Div. 206) and *White* v. *Wielandt* (259 id. 676), are not applicable. The fact that the city tax authorities had never separately described the mortgaged and non-mortgaged property does not preclude the court from making an apportionment. Nor does the fact that it is difficult to determine the amount of appellants' damage constitute reason for holding that there was

no damage. The fact is that the damages can be and were readily computed, and it is apparent that respondent has been unjustly enriched. Johnston, Adel and Taylor, JJ., concur; Lazansky, P. J., and Close, J., concur for reversal of the judgment, but dissent as to the direction of a judgment in favor of appellants and vote for a new trial on the ground that there is no adequate proof in the record upon which an apportionment can properly be made.