BEDCRO REALTY CORPORATION, Plaintiff, *v.* TITLE GUARANTEE AND TRUST COMPANY and BROOKLYN TRUST COMPANY, as Trustee of Series BMC 170934, Defendants.

Supreme Court, Kings County, March 25, 1941.

*Duncan & Bruchhausen* [*Bruce R. Duncan* and *Robert Duncan* of counsel], for the plaintiff.

*C. Elmer Spedick,* for the defendant Title Guarantee and Trust Company.

*Cullen & Dykman* [*Ralph W. Crotty* and *Patrick J. Mahoney* of counsel], for the defendant Brooklyn Trust Company, as trustee.

LEWIS, J. This action, in which plaintiff seeks the return of a certain mortgage participating certificate or the certificate issued in lieu thereof and an accounting of all moneys received by the defendants or to which they may be entitled on account of said certificates, was tried on September 16, 1940, and the last of a series of briefs submitted a week ago.

The facts are set forth in admitted portions of the pleadings and in several stipulations between the parties. Pursuant to a building loan agreement of April 1, 1929, between the plaintiff and

the Title Guarantee and Trust Company, the former executed on July 8, 1929, a bond in the sum of $475,000 secured by a mortgage. On April 1, 1930, plaintiff, in order to induce the Title Guarantee and Trust Company to complete its advances under the building loan agreement, authorized the latter to deduct therefrom the sum of $15,000 as insurance against the collection of outstanding mechanics' liens from the mortgaged property. With the consent and knowledge of the plaintiff the $15,000 was used for the purchase of a guaranteed mortgage participating certificate. On May 9, 1932, the aforesaid mechanics' liens had been satisfied either by payment or their lien on the mortgaged premises had expired by operation of law. The plaintiff, however, failed to pay an installment of interest and certain installments of taxes and water rates. To induce the Title Guarantee and Trust Company to refrain from exercising its option to foreclose, plaintiff on May 9, 1932, entered into an agreement with it. That agreement referred to the original certificate for $15,000 given under the agreement of April 1, 1930, and also to a deposit of $5,000 and to another certificate for the sum of $5,000 which were being held by the Title Guarantee and Trust Company as security for the payment of taxes, assessments and water rates upon the mortgaged premises. It then provided:

" WHEREAS, it is the intention of the parties to create a fund consisting of the securities, or the proceeds derived from the sale of the above securities, after applying the same to the purposes provided for in the receipt dated April 1, 1930, together with any accumulations of income derived from said securities and the cash deposited as aforesaid for the purpose of paying interest on the aforesaid mortgage and taxes, assessments and water rates upon the premises covered by the aforesaid mortgage.

" NOW, THEREFORE, to carry out the purposes of this agreement, said BEDCRO REALTY CORPORATION does hereby authorize and direct the TITLE GUARANTEE & TRUST COMPANY to apply the above mentioned fund or any accumulations thereof toward the payment of any interest at any time due or to become due upon the above mentioned mortgage, and toward the payment of any taxes, assessments and water rates upon the premises described in said mortgage. The TITLE GUARANTEE & TRUST COMPANY may in its discretion apply such fund, or any portion thereof, toward either the payment of the said interest or the taxes, assessments and water rates, or both of the same."

It is not claimed that the certificate for $15,000 was ever applied prior to foreclosure toward the payment of interest, taxes, assessments or water rates.

An action to foreclose the mortgage was brought on March 1, 1935, by reason of defaults in the payment of interest and taxes, wherein plaintiff demanded that the premises be sold and the money arising from the sale be applied to the payment of " the amount due on said bond and mortgage, with interest to the time of such payment and the costs and expenses of this action * * * together with any sum or sums paid by the Plaintiff for taxes, water rates or assessments on the mortgaged premises * * *." The referee's computation included in addition to the principal of $475,000, the sums of $62,699.32 and $12,942.31 as interest from October 1, 1933, to December 12, 1935, and a balance of interest due October 1, 1933, respectively. A judgment of foreclosure and sale was made and entered on December 23, 1935. The statement in the referee's report of sale dated March 18, 1936, and confirmed on October 11, 1937, includes the amount due on the bond and mortgage as per judgment of foreclosure and sale; interest thereon from December 12, 1935, to March 18, 1936; costs and allowances; and several minor expenses; which total $560,481.96. The purchase price was $1,000 and the deficiency stated therein was $559,481.96. No deficiency judgment, however, was ever secured pursuant to section 1083-a of the Civil Practice Act. Possession and control of the bond and mortgage became vested in the Mortgage Commission of the State of New York in May, 1935, and there was duly executed and delivered to it a referee's deed of conveyance of the premises dated March 18, 1936. In lieu of the original certificate for $15,000, the Title Guarantee and Trust Company issued to the Mortgage Commission another guaranteed certificate. That certificate was assigned to the Brooklyn Trust Company and is now in its possession.

Defendant Brooklyn Trust Company urges that the mortgagee has suffered a loss of $40,998.20 which represents interest on the mortgage debt; that the agreement of May 9, 1932, made the certificate in litigation collateral or additional security for the repayment of interest and taxes; and that plaintiff is, therefore, not entitled to the certificate.

The mortgage foreclosed by the Title Guarantee and Trust Company in 1935 had been executed in 1929. Section 1083-a of the Civil Practice Act, which is applicable to mortgages executed prior to July 1, 1932 (see Laws of 1933, chap. 794, § 4), contained at the time of foreclosure the following provision, which remains unchanged in the present statute: " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt and no right to recover any deficiency in any action or proceeding shall exist." No such motion was before the court upon

the foreclosure of the mortgage in question, and the mortgage debt is, therefore, deemed to be satisfied in full. The Title Guarantee and Trust Company in its complaint in that action demanded judgment that the proceeds of the sale be applied to the amount due for principal, interest, taxes and water rates. The mortgage debt thus clearly included the amount due for interest and taxes as well as for principal. (See *White* v. *Wielandt*, 259 App. Div. 676.) By the terms of section 1083-a plaintiff's debt for those items is satisfied. The agreement of May 9, 1932, expressly and unequivocally defines the limited purpose for which the original certificate was given: to secure the payment of interest and taxes on the mortgage. That purpose ceased to exist upon the satisfaction of the mortgage debt. The holder of the substituted certificate, therefore, has no further right to retain the same. (See *Lang* v. *New York Joint Stock Land Bank*, 155 Misc. 779.)

Defendant's claim that section 1083-a does not divest a mortgagee of the right to resort to other collateral security is refuted by the case of *Honeyman* v. *Hanan* (275 N. Y. 382). There suit was brought upon a collateral bond binding the obligor indirectly to pay the amount remaining unpaid upon another bond secured by a mortgage on real property. That mortgage at the time of suit had already been foreclosed and a motion for a deficiency judgment made in the foreclosure action denied. The court in affirming a judgment entered upon an order dismissing the complaint held that by reason of sections 1083-a and 1083-b no recovery can be had in any subsequent action after denial of a deficiency judgment in the foreclosure action. The denial of a motion for a deficiency judgment was stated to be no " less effective than failure to make the motion." The stated effect in section 1083-a is applicable in either instance. Where, as in the case at bar, a motion for a deficiency judgment was made but withdrawn and not heard by the court, the effect is the same as if no motion were ever made.

The *Honeyman* case cannot effectively be distinguished on the ground that it involved merely an action for a money judgment, whereas here the holder of the collateral seeks no affirmative relief. The statute specifically provides that " If no motion for a deficiency judgment shall be made as herein prescribed the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt." The succeeding clause, " and no right to recover any deficiency in any action or proceeding shall exist," cannot be regarded as a limitation thereon. The section is not to be construed to read that the proceeds of the sale regardless of amount shall be deemed to be in full satisfaction of the mortgage debt only where an action or proceeding is brought to recover a

deficiency. The purpose of section 1083-a is to secure the fair and reasonable market value of the mortgaged property as an offset against the mortgage debt, and the section prescribes the procedure for so doing. It must be assumed, therefore, that a determination of the fair value of the mortgaged property in question under section 1083-a would have satisfied in full the mortgage debt which included all payments due for interest, taxes, water rates and assessments.

The limited application which the court in the *Honeyman* case stated it has given to sections 1083-a and 1083-b was confined in the cases cited therein (see p. 395) to situations involving condemnation awards for part of the mortgaged property made prior to foreclosure. In those cases the awards were held payable to the mortgagee notwithstanding the latter's failure to secure a deficiency judgment pursuant to section 1083-a. That section was stated to be inapplicable because it " deals with instances where the mortgaged property in its entirety is sold." (*Matter of City of N. Y.* [*Neptune Ave.*], 271 N. Y. 331.) The condemnation award in a case of that kind is a substitute for part of the original security. As that part cannot be reached on foreclosure and applied to the debt, the mortgagee is entitled to the award. Not unlike in principle to the condemnation cases is the case of *Macy* v. *Kotta* (252 App. Div. 435).

The case of *Westerbeke* v. *Bank of Huntington and Trust Company* (248 App. Div. 632 [2d Dept.]), upon which defendant relies, is not controlling. The holding that failure to proceed under section 1083-a did not preclude an action for the sale of the collateral security was apparently based upon the express terms of the escrow agreement which made the security available for the payment of the debt in the event of a deficiency. This distinction is emphasized in *Matter of Williams* (258 App. Div. 592), subsequently decided by the Appellate Division of the Second Department. No such provisions with reference to collateral are found here.

Judgment for plaintiff for the return of the substituted certificate and for an accounting. Submit decree upon three days' notice.