BEDCRO REALTY CORPORATION, Respondent, *v.* TITLE GUARANTEE AND TRUST COMPANY, Defendant, and BROOKLYN TRUST COMPANY, as Trustee of Series BMC 170934, Appellant.*

Second Department, October 26, 1942.

*Patrick J. Mahoney* and *Ralph W. Crolly* for appellant.

*Bruce R. Duncan* and *Robert B. Duncan* for respondent.

ADEL, J. The material facts in this action are not in dispute. They are either admitted by the pleadings or conceded by stipulations. The plaintiff has had judgment, and defendant Brooklyn Trust Company, as trustee, appeals.

The plaintiff, as mortgagor, and the Title Guarantee and Trust Company, as mortgagee, entered into an agreement to induce the mortgagee to refrain from foreclosing the mortgage on account of certain defaults in the payment of taxes, interest, etc. The language of the agreement pertinent to the litigation reads as follows:

---

* Revg. 175 Misc. Rep. 1082.

"WHEREAS, it is the intention of the parties to create a fund consisting of the securities, or the proceeds derived from the sale of the above securities, after applying the same to the purposes provided for in the receipt dated April 1, 1930, together with any accumulations of income derived from said securities and the cash deposited as aforesaid for the purpose of paying interest on the aforesaid mortgage and taxes, assessments and water rates upon the premises covered by the aforesaid mortgage.

"Now, THEREFORE, to carry out the purposes of this agreement, said BEDCRO REALTY CORPORATION does hereby authorize and direct the TITLE GUARANTEE & TRUST COMPANY to apply the above-mentioned fund or any accumulations thereof toward the payment of any interest at any time due or to become due upon the above-mentioned mortgage, and toward the payment of any taxes, assessments and water rates upon the premises described in said mortgage. The TITLE GUARANTEE & TRUST COMPANY may in its discretion apply such fund, or any portion thereof, toward either the payment of the said interest or the taxes, assessments and water rates, or both of the same."

Pursuant to the terms of this agreement the mortgagor deposited with the mortgagee the sum of $15,000.

Thereafter, upon default, the mortgage was foreclosed and the property sold. At the time of the foreclosure there existed the original bond and mortgage and the subsequent agreement between the parties under which the mortgagee held funds or security for the purpose of paying taxes and other charges. The mortgage was foreclosed on account of defaults in the payment of interest, taxes, etc., but at no time was the mortgagor given credit for the $15,000 which the mortgagee held under the security agreement. The principal owing on the bond and mortgage was $475,000. The premises were sold to the mortgagee for $1,000, subject to taxes, water rates and assessments, resulting in a deficiency of $559,481.96, as found by the referee. The plaintiff brings this action, seeking the return of the $15,000 deposited with the mortgagee as security under the agreement hereinbefore mentioned. The mortgagee failed to use the said sum on account of the sum found due in the foreclosure action. The mortgagee did not move for or procure a deficiency judgment under the provisions of section 1083-a of the Civil Practice Act. The mortgagor urges, therefore, that it is entitled to the return of the said sum or the security into which it has been transferred, and an accounting of the increase and income thereon.

The question raised by the plaintiff-mortgagor is whether the right under the contract to keep the $15,000 and apply it towards payment of interest, taxes and water rates came to an end when the mortgage itself ceased to exist and the mortgagee failed to obtain a deficiency judgment in the foreclosure action. The plaintiff contends that it does, and that under the provisions of section 1083-a of the Civil Practice Act, no motion for a deficiency judgment having been made, the proceeds of the sale are deemed to be in full satisfaction of the mortgage debt. The mortgagee, on the other hand, urges that in this action section 1083-a does not apply and that a creditor is not deprived of his right to resort to all security, of whatever type or form, until the debt is actually paid in full.

Before the enactment of the emergency statutes the failure of a mortgagee to docket a deficiency judgment did not prevent him from selling additional security given for the mortgage debt. (*Reichert* v. *Stilwell*, 172 N. Y. 83.) The right to obtain a deficiency judgment in an action to foreclose a mortgage rests entirely upon statutory provisions. The procedure is regulated by sections 1083 and 1083-a of the Civil Practice Act. By enacting section 1083-a the Legislature did not create a new substantive right. It simply regulated the procedure for fixing the amount and entering a deficiency judgment. Therefore, if there was no emergency legislation restricting deficiency judgments, the mortgagee here would be entitled to hold the additional security which it has and there would be no cause of action. In my opinion, the enactment of section 1083-a did not change the situation to the benefit of the plaintiff-mortgagor. The remedial legislation was brought about through the message of the Governor of the State of New York. In the message he suggested that an end be made of the then existing system of obtaining exaggerated deficiency judgments. He urged that a deficiency judgment should bear some definite relation to the real value of the property rather than to the price established at a forced auction sale. Under this message the Legislature, at an extraordinary session, enacted section 1083-a of the Civil Practice Act which, as its title states, was to limit personal deficiency judgments during the emergency period. The courts have recognized that the main consideration which fostered the enactment was to relieve a defaulting mortgagor from the imposition of an unjust deficiency judgment which could result in his property and earnings which did not secure the debt being taken. (*Berkman* v. *Silverstein*, 245 App. Div. 891; *Heiman* v. *Bishop*, 272 N. Y. 83; *Honeyman* v. *Hanan*, 275 N. Y. 382.)

The suit here does not in any way involve or concern a deficiency judgment or an action on a debt secured by a mortgage. It is brought by a corporate former owner which, after defaulting on its obligation to pay a debt, now demands the return of a part of the security therefor. The mortgagee does not seek to hold the mortgagor personally responsible. Section 1083-a of the Civil Practice Act is applied only where the mortgagee brings an action upon a debt secured by a mortgage or seeks a deficiency judgment in a foreclosure suit. (*Kress* v. *Central Trust Company, Rochester, N. Y.*, 246 App. Div. 76; affd., 272 N. Y. 629.) While that case is not directly in point, I think it is helpful in that it shows recognition of the principle that the emergency legislation was not designed to deprive a creditor of his right to recover his debt but merely to limit his remedy. (See, also, *Matter of Burrows*, 283 N. Y. 540.)

Since the mortgagee is not seeking a deficiency judgment or a personal judgment against the mortgagor but is merely resorting to the additional security, section 1083-a has no application. Furthermore, there is no claim that the value of the property exceeds the principal, interest and other charges. The views here expressed find support in the decisions of this court in the following cases: *Westerbeke* v. *Bank of Huntington & Trust Co.* (247 App. Div. 915; affd., 272 N. Y. 593); *Amazon* v. *East New York Savings Bank* (256 App. Div. 1072); and *Matter of Williams* (258 App. Div. 592). See, also, section 1083 of the Civil Practice Act, as amended by chapter 510 of the Laws of 1938, which provides that moneys remaining in the hands of a receiver or a mortgagee in possession shall be paid to the plaintiff in the foreclosure action irrespective of whether or not a motion for a deficiency judgment has been made. *Lang* v. *New York Joint Stock Land Bank* (155 Misc. Rep. 779) is inconsistent with the conclusion reached here, and we do not follow it.

There is no issue here in relation to the proper parties defendant, the Brooklyn Trust Company, as trustee, having succeeded to the rights of the mortgagee; and no question is raised as to the security in which the money deposited has been invested.

The judgment of Special Term should be reversed on the law, with costs, and the complaint dismissed on the law, with costs.

Lazansky, P. J., and Close, J., concur; Carswell, J., dissents and votes to affirm; Hagarty, J., not voting.

Judgment reversed, etc.