MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, Plaintiff, *v.*
GOTHAM SILK HOSIERY COMPANY, INC., Defendant.*

Supreme Court, Trial Term, New York County, January 16, 1943.

* Affd. 266 App. Div. 844.

*Frank A. Fritz, Arthur C. Patterson* and *Richard Barber* for plaintiff.

*Louis F. Lee, A. I. Spiro* and *William Felstiner* for defendant.

HOFSTADTER, J. Plaintiff sues to recover the sum of $73,514.71 as rent for premises 508 Fifth avenue in the city of New York, occupied by the defendant under a sublease.

The complaint alleges that defendant is liable for ten monthly installments of rent at $5,833.33 each for November, 1940, to August, 1941, inclusive; and, in addition, for accruing taxes and penalties amounting to $15,181.38, paid by the plaintiff and chargeable to the defendant as additional rent, pursuant to the terms of the sublease.

The case has been submitted upon a stipulated statement of facts which, nevertheless, unfolds a maze of transactions tending to obscure the true relationship of the parties. Accordingly, a proper solution of the issues presented requires a chronological charting of the various steps preceding the present litigation.

On January 9, 1923, the estate of Charles Frederick Hoffman, the then owner of the fee, leased the premises to Huyler's for a term of twenty-one years commencing May 1, 1923, at a rental of $23,000 per annum, plus taxes. In April of 1926, Huyler's sublet the premises to the defendant for a term of seventeen years, less one day, to commence on May 1, 1926, at a rental of $70,000 per annum, plus taxes. This action is brought to recover the rent reserved under that sublease.

In April, 1927, the Hoffman estate leased the premises to Jefferson Leasing Co., Inc., subject to the Huyler lease, for a term of seventeen years from May 1, 1927, to April 30, 1944. A covenant to renew for a period of twenty-one years was contained in this lease.

On February 16, 1928, the Hoffman estate conveyed the fee to Schulte Real Estate Co., Inc. Thereafter, on April 18, 1928, Schulte conveyed the fee to Irrose Realty Corporation. On the same day Irrose mortgaged these premises and the adjoining premises to the plaintiff to secure the principal sum of $3,000,000.

Two months later (June 29, 1928) Huyler's, with Jefferson's consent, assigned its lease to Schulte, subject to the defendant's sublease and to the Jefferson lease.

In December, 1930, Irrose reconveyed the fee to Schulte. At this point the situation was as follows: Schulte was the owner of the fee as well as the lessee under the Huyler lease, and the immediate lessor of the defendant.

On September 29, 1938, Schulte conveyed the fee to Viola Gordon. On the same day, Viola Gordon entered into an agreement with plaintiff extending the time for paying the principal sum secured by plaintiff's mortgage to April 1, 1944. Simultaneously therewith, she also assigned to the plaintiff all rents payable to her as the fee owner. This assignment contained a description of the leases, but made no reference to the defendant's sublease.

At the same time, however, Schulte, the defendant's immediate lessor, executed to plaintiff an assignment of all rents due and to become due from defendant under the sublease, incorporating by reference the terms of the Gordon assignment, which latter provided in part, as follows: " ' In the event of any default under said consolidated mortgage as extended, the Assignee may assume the management of said premises, collect the rentals and other income therefrom and apply the same upon the indebtedness secured by said consolidated mortgage, *and in the event of foreclosure of said consolidated mortgage, all rights of the mortgagor, assignor and/or landlord, in and to the rents hereby assigned, or the rents under any extension or renewals of said leases, shall become vested in the purchaser under such foreclosure.*' " (Italics mine.)

These assignments were made as additional security for plaintiff's mortgage.

After the execution of the above assignments, and on the same day, Viola Gordon reconveyed the fee to Schulte.

Default occurred in the payment of the April, 1940, interest and taxes, and plaintiff commenced an action against Schulte, Irrose, and Gordon to foreclose the mortgage.

Judgment was entered in that action, directing that the mortgaged property be sold subject to the outstanding leases and sublease, and directing also that the rents due and to grow due from the defendant under the sublease be sold together with the mortgaged land. Pursuant to said judgment, the mortgaged

land and rents were sold by the referee and purchased by the plaintiff; on February 24, 1941, the referee conveyed to the plaintiff the mortgaged real estate and also the rent due and to become due from the defendant.

On April 30, 1940, the defendant received a written demand from the plaintiff for the payment of all rent to its realty agent, stating: " that all rent now due and all rent to become due under your lease of space in the premises 508-514 — 5th Avenue, Borough of Manhattan, City of New York, has been assigned to this company as mortgagee of said premises." In compliance with this demand, the defendant paid to plaintiff the rental reserved for the months of May to October, 1940, inclusive.

Plaintiff never applied for, nor obtained, a deficiency judgment and the time to apply therefor expired ninety days after February 24, 1941; to wit, on May 25, 1941. The present action was commenced in August, 1941.

As a result of all the transactions and proceedings hereinbefore referred to, plaintiff contends that it has established its right to recover as rent the sums mentioned in the complaint as follows:

(1) Rent from November 1, 1940, to February 24, 1941 (the date when it received the referee's deed) — by reason of the assignments of Schulte and Gordon to plaintiff.

(2) Rent for all subsequent periods — by reason of plaintiff's purchase of the premises at the foreclosure sale, and because of the express language in the Schulte assignment vesting all rights to the rents assigned in plaintiff, the purchaser at the foreclosure sale.

The defendant resists plaintiff's claim on these grounds:

(1) Since plaintiff failed to apply for a deficiency judgment within ninety days after the delivery of the referee's deed, the entire mortgage became fully paid as of the date of the delivery of such deed (February 24, 1941) pursuant to Civil Practice Act, section 1083-a; that plaintiff is not entitled to recover any rent except for the month of November, 1940; that the rent was pledged as collateral to meet any deficiency on the mortgage indebtedness and, there being no deficiency, the rent from December 1, 1940, to February 24, 1941, could not be recovered by plaintiff pursuant to the assignments of Schulte and Gordon.

(2) The assignment of Schulte did not expressly give plaintiff the right in case of a default to sell the rents at public or private sale.

(3) Assuming that the assigned rents were the subject of sale, the judgment of foreclosure and the alleged sale of such rents

did not convert plaintiff's right to the assigned rents from that of pledgee to absolute owner, as the attempted sale was of no effect.

In order to comprehend the legal problems with which we are concerned, it is essential constantly to keep in mind that the plaintiff's cause of action is grounded upon two obligations: the one, arising from the rent assignments made by Schulte and Gordon to plaintiff; and the other, arising by virtue of the plaintiff's purchase of the premises at the foreclosure sale.

The defendant contends, and properly so, that a rent assignment clause in a mortgage is not *per se* an actual conveyance of the rents, but a pledge of property as security for the mortgage debt. (*Sullivan* v. *Rosson,* 223 N. Y. 217, 224.) However, the plaintiff's claim for the rents due prior to the foreclosure conveyance is not predicated upon the enforcement of an unexecuted collateral promise to answer for a deficiency in the event of a default under the terms of the mortgage. Rather, the claim is predicated upon the enforcement of the plaintiff's contractual rights and the clearly expressed intention of the parties implicit from the execution of the rent assignments.

In the instant case, this assignment was invoked promptly by the plaintiff when it declared the mortgage in default and commenced the foreclosure proceedings. Plaintiff demanded that, beginning with May, 1940, all rents due from defendant under its sublease be paid directly to the plaintiff's agent. The defendant, with the acquiescence of its immediate landlord, Schulte, complied with this demand and paid over the monthly rentals due at the figure stipulated in the lease for the months of May through October, 1940. Furthermore, in its answer, the defendant concedes its liability to plaintiff for rent for November, 1940.

Nothing more need have been done by plaintiff to perfect its legal right to collect the rents due for the period prior to the transfer of the property in foreclosure than it already had done; namely, to enter upon the premises and to demand and receive the rent from the tenant. (*Dime Savings Bank* v. *Altman,* 246 App. Div. 823; *148th Realty Co., Inc.,* v. *Conrad,* 125 Misc. 142; *Long Island Bond & Mortgage Guar. Co.* v. *Brown,* 171 Misc. 15.)

The defendant argues, nevertheless, that plaintiff became *divested* of its right to collect rent for December, 1940, and January, February, 1941, because of its *subsequent* failure to apply for and obtain a deficiency judgment within the ninety-day statutory period after the delivery of the referee's deed in foreclosure on February 24, 1941. It is urged that since Schulte,

defendant's landlord, was not primarily obligated on the mortgage, therefore defendant, Schulte's sublessee, whose lease remained totally unaffected by the foreclosure proceeding, is likewise relieved from its lease obligations because the defendant falls under the protection of Civil Practice Act, section 1083-a. To buttress further this synthetic argument the defendant, in October of 1941, long subsequent to the completion of the foreclosure action, acquired the Huyler lease by assignment from Schulte.

There can be no doubt that the protective provisions of section 1083-a of the Civil Practice Act are applicable only where the mortgagee brings an action upon a debt secured by the mortgage, or seeks a deficiency judgment in the foreclosure suit. (*Bedcro Realty Corp.* v. *Title Guarantee & Trust Co.*, 265 App. Div. 7; *Kress* v. *Central Trust Co.*, 246 App. Div. 76, affd. 272 N. Y. 629.)

*Honeyman* v. *Hanan* (275 N. Y. 382), heavily relied on by the defendant, is clearly distinguishable. In the *Honeyman* case, the action was brought to recover against persons contingently liable on the *mortgage debt*. Civil Practice Act, section 1083-a, was held properly applicable in pursuance of the legislative purpose to relieve a defaulting mortgagor or anyone liable on the mortgage debt from an unjust deficiency judgment. (*Berkman* v. *Silverstein*, 245 App. Div. 891; *Heiman* v. *Bishop*, 272 N. Y. 83.) Here, recovery against the defendant is not sought on any obligation arising out of the mortgage debt, but upon a clear-cut undertaking to pay rent due under a sublease superior in lien to the mortgage, and unaffected by the foreclosure proceeding.

The post-foreclosure assignment by Schulte to the defendant of the Schulte-Huyler lease does not affect the relative rights of the parties. I shall not give aid to the defendant's manoeuvre to effect a modification of its contractual obligations under its sublease; and I hold that defendant is chargeable with full knowledge of paragraph 17 of the recorded Schulte extension agreement, providing in part as follows: " ' Schulte Real Estate Company, Inc. covenants that it will not cancel or modify said sub-lease, or any of the terms thereof, or consent to an assignment or accept a surrender of said sub-lease, directly or indirectly, without first obtaining in writing the consent of The Mutual Life Insurance Company of New York.' "

And the defendant is likewise chargeable with liability under the executed Schulte rent assignment, which it assumed to honor.

There remains a final issue for determination. Plaintiff's claim for rents accruing subsequent to the delivery of the

referee's deed (from March to August, 1941) is legally unassailable. The rule enunciated in *Metropolitan Life Ins. Co.* v. *Childs* (230 N. Y. 285), holding that a tenant is liable under his contract of lease to the purchaser of the property at a foreclosure sale, is applicable to the rights of the parties at bar. There has been no eviction or infringement of the defendant's tenancy, and consequently it must be held to the strict performance of its contractual obligations.

The plaintiff, as a purchaser at the foreclosure sale, became a successor landlord by operation of law, and " there is no necessity for attornment." (*Metropolitan Life Ins. Co.* v. *Childs, supra,* at p. 290; *Markantonis* v. *Madlan Realty Corp.,* 262 N. Y. 354, 357, 358; Real Property Law, § 223.) The necessary privity of obligation enabling plaintiff to enforce directly the rental provision of the sublease is supplied by the Schulte rent assignment, which operated to vest in the plaintiff all the rights of Schulte, the defendant's immediate lessor.

Defendant urges by way of a collateral attack upon the validity of the foreclosure judgment, to which it was not a party, and by which the rights or obligations of the underlease could not be affected, that the pledged rents were not properly described in the foreclosure complaint, and hence do not pass to plaintiff under the foreclosure judgment. Assuming, *arguendo,* that such defense were available in this action to the defendant, I am of the opinion that the rents involved passed to plaintiff, purchaser at the foreclosure sale, as incidents of ownership of the land. (*Metropolitan Life Ins. Co.* v. *Childs, supra; Markantonis* v. *Madlan Realty Corp., supra.*) It therefore becomes unnecessary to pass upon the sufficiency of the description of the pledged rents in the foreclosure complaint and judgment. (Cf. *Harrison* v. *Hall,* 239 N. Y. 51, 52; *Waitt Operating Co., Inc., v. New York Life Ins. Co.,* 29 N. Y. S. 2d 705, affd. without opinion, 263 App. Div. 936.)

I am clear that the plaintiff has established its right to recover from the defendant the rental reserved under the terms of the sublease, and I direct that the plaintiff have judgment as demanded in the complaint, with interest on each rental instalment from its due date, and interest on the taxes and penalties from the date of payment thereof.

All exhibits tendered in accordance with the stipulation upon which this case was submitted are received in evidence, and the objections to their receipt are overruled.