POMPERAUG REALTY CORP., Plaintiff, *v.* SCHULTE REAL ESTATE COMPANY, INC., Defendant.

Supreme Court, Trial Term, New York County, July 10, 1944.

*Abraham Kadanoff* for plaintiff.

*Ernst, Gale, Bernays, Falk & Eisner* for defendant.

SCHREIBER, J. Plaintiff mortgagor assigned to defendant mortgagee two bonds and mortgages as additional security in the event of default under the main mortgage. The agreement provided that upon such default defendant might foreclose the

main mortgage, or apply the proceeds of sale of the security in reduction of the principal thereof, or both.

Default occurred and, clearly, defendant then might have sold the security and applied it in reduction of the principal indebtedness. However, without doing so, defendant foreclosed the main mortgage. Indeed a defense in the foreclosure action that it should be required to do so was stricken out, and properly so, in view of the language of the agreement.

Defendant proceeded to judgment and sale in the foreclosure action. On the sale a deficiency was reported by the referee. Thereafter defendant sold the security. Subsequently defendant's application for a deficiency judgment was denied.

This action to compel the return of the security or for damages for conversion thereof followed. There would appear to be no defense. By statute, upon failure to apply for or to obtain a deficiency judgment, there arises a conclusive presumption of full satisfaction of the mortgage debt upon the sale in foreclosure and no right remains to apply to any security (Civ. Prac. Act, § 1083). Defendant chose not to look to the security when it might, at the time of the default, and even thereafter when invited to do so by the answer in the foreclosure action. That right, despite the agreement, must be held lost upon the sale in foreclosure when not followed by the allowance of a deficiency judgment. The agreement here entered into after the enactment of the statute, must yield to it. (*Bedcro Realty Corp.* v. *Title Guarantee & Trust Co.,* 290 N. Y. 520; *Rossbach* v. *Rosenblum,* 260 App. Div. 206, affd. 284 N. Y. 745; *Honeyman* v. *Clark,* 278 N. Y. 467; *Honeyman* v. *Hanan,* 275 N. Y. 382; *Honeyman* v. *Jacobs,* 306 U. S. 539; *Matter of Williams,* 258 App. Div. 592; *Waitt Operating Co.* v. *New York Life Ins. Co.,* 29 N. Y. S. 2d 705, affd. 263 App. Div. 936; *Lang* v. *New York Joint Stock Land Bank,* 155 Misc. 779.)

The defense of *res judicata* is likewise untenable. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304; *Rudd* v. *Cornell,* 171 N. Y. 114.) Under the agreement the issue as to proper and timely application to security was not even responsive to the foreclosure complaint and it was there so held. The present issue was not and could not have been litigated therein, for plaintiff's rights arose only upon defendant's failure to obtain a deficiency judgment.

The parties have stipulated that the value of the security is in the sum of $11,295 and accordingly the plaintiff may have judgment in that amount with interest from September 11, 1942, the date of the sale of these mortgages by defendant, with costs. Settle decision and judgment.